UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20710-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

SENTHIL RAMAMURTHY,

      **Defendant.**
_____/

**PROTECTIVE ORDER GOVERNING
THE DISCLOSURE OF PRIVATE HEALTH INFORMATION,
IDENTIFYING, AND FINANCIAL INFORMATION**

THIS CAUSE having come before the Court on the United States' Motion for Entry of a Protective Order, in order to comply with the Standing Discovery Order, and the Court being duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information and sensitive financial information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under the Standing Discovery Order and Rule 16 of the Federal Rules of Criminal Procedure ORDERED:

(1) **Production of Health Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102–164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce certain individually

identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number) to defendant, pursuant to the United States' discovery obligations and defendant's discovery requests.   The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, or to the provisions of 42 U.S.C. § 1306.

(2)     **Production of Sensitive Financial Information.**   The United States may produce certain financial information that includes private and identifying information to defendant, pursuant to discovery obligations and defendant's discovery requests.

(3)     The United States shall produce these documents un-redacted to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" in the manner set forth below.   The defendant's counsel, their personnel, and other members of the defense team, may use these computer disks and documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the non-party understands and agrees to abide by this Order after being informed by defendant of this Order. Such understanding and agreement shall be memorialized by execution of the attached certification.   Defense counsel shall keep these certifications and be ready to produce them when requested by the Court.

(4)     Defendant may review the confidential discovery under the supervision and/or instruction of a member of the defense team.

(5)     The parties shall not file these computer disks and documents with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been

removed.   Within 90 days of the final conclusion of this litigation, defense counsel shall return the computer disks and documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

(6)    **Designation of Material Subject to this Protective Order.**   To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, by using the following designation:   "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

(7)    **Confidential Information in Open Court.**   The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.   The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed.   No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(8)    **Modification Permitted.**   Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(9)     **No Waiver**.   The failure to designate any materials as provided in paragraph 3 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

DONE AND ORDERED in Miami, Florida, this ____ day of October, 2018.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20710-CR-ALTONAGA

UNITED STATES OF AMERICA

v.                                                                                              **Form A**

SENTHIL RAMAMURTHY,

       **Defendant.**

_____/

**CERTIFICATION FOR PRODUCTION OF HEALTH INFORMATION
AND SENSITIVE FINANCIAL INFORMATION**

I, _____, certify that I am (a)n attorney/consultant/ employee (circle one) for _____, a party to this proceeding, Case No. 18-20710-CR-ALTONAGA, and that I request access to confidential discovery that the Government will produce. I have read the Protective Order and agree to abide by all of its terms, unless such terms are altered by the Court, at which time the undersigned agrees to be bound by the terms of the Order, as altered and entered by the Court. By signing below, the undersigned is not waiving his/her right to object to or suggest modifications to the Order.

I further certify that the witness statements will be used solely for the purposes set forth in the Protective Order.

   SIGNED: _____

   Name: _____

   Title: _____

   Employer: _____

   Employer's Address: _____

   Party Representing: _____

Subscribed and sworn to before me
this _____ day of _____, 2018.

My commission expires on _____.
Seal: