UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20710-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

SENTHIL RAMAMURTHY,

    Defendant.

_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

COMES NOW, THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney and files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. The government's initial response to the Standing Discovery Order is comprised of documents with bates range of GOV_01-000001 through 000255. The government will supplement its production as necessary.

    A.    1.    Written or recorded statements made by the defendant:
The government obtained written statements made by the defendant in the form of text messages between the defendant and one or more co-conspirators. These text messages were produced to counsel for the defendant on October 12, 2018.

            2.    Oral statements made by the defendant before or after arrest in response to interrogation by a then known-to-be government agent which the government intends to offer in evidence at trial: Not applicable.

            3.    Recorded grand jury testimony of the defendant relating to the offenses charged: Not applicable.

            4.    The defendant's arrest and conviction record: Documents containing the Defendant's arrest and conviction record will be mailed to counsel for the defendant during the week of October 15, 2018.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case-in-chief, or which were obtained from or belonging to the defendant:

   Documents responsive to this category were e-mailed to counsel for the defendant on or about October 12, 2018, additional responsive documents will be mailed to counsel for the defendant during the week of October 15, 2018. The government will supplement this information as necessary.

6. The government has not performed any physical or mental examinations of the defendant.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976)

D. The government will disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was identified in a lineup, show up, photo spread or similar identification proceedings by the following individuals: Not applicable.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce evidence during its case in chief pursuant to Fed. R. Evid. 404(b). Notwithstanding, the defendant is hereby on notice that all evidence made available for inspection, as well as all statements disclosed herewith or in any future discovery response, may be offered in the trial of this cause, under Fed. R. Evid. 404(b) or otherwise, including the inextricably-intertwined doctrine.

I.     The defendant is not an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance.

J.     The government will order transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case.

K.     Drug contraband is not involved in this case.

L.     The government does not know of any vehicle, vessel, or aircraft allegedly utilized in the commission of this offense that is in the government's possession.

M.     No latent fingerprints have been identified by a government expert as those of the defendants at this time.

N.     The government anticipates that it may call one or more witnesses from Tricare and/or Express Scripts to testify regarding rules and regulations related to the claims and/or reimbursement process at issue in this case. Should this testimony even qualify as expert opinion within the rules, the government will timely disclose a written summary of testimony the government reasonably expects to offer at trial as required under Rules 702, 703, or 705 of the Federal Rules of Evidence.

        The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial, if any, pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

P.     At the discovery conference or thereafter, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady, Giglio, Napue,</u> and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, the

government hereby demands Notice of Alibi, if any, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure.  The approximate time, date, and place of the offense:

        Time: Please see Indictment
        Date: Please see Indictment
        Place: Please see Indictment

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    /s/Kevin J. Larsen_____
       Kevin J. Larsen
       Assistant United States Attorney
       Court No. A5501050
       99 N.E. 4th Street, 4th Floor
       Miami, FL 33132
       Tel: 305-961-9356
       Fax: 305-536-4699
       Kevin.Larsen@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and on or about October 12, 2018 by means of U.S. Mail to Gregg Bernstein, Esq., 100 East Pratt Street, Suite 2440, Baltimore, MD 21202.

/s/Kevin J. Larsen_____
Kevin J. Larsen
Assistant United States Attorney