UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>18-20710-CR-ALTONAGA(s)</u>
18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 371
42 U.S.C. § 1320a-7b(b)(1)(A)
42 U.S.C. § 1320a-7b(b)(2)(A)
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 982(a)(7)
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

SENTHIL RAMAMURTHY and
MANGALA RAMAMURTHY,

                    Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Superseding Indictment:

## TRICARE PROGRAM

1.      TRICARE was a health care insurance program of the United States Department of

Defense. TRICARE provided civilian health benefits for military personnel, military retirees, and

military dependents all around the world. The TRICARE program provided medical coverage for

Uniformed Service members including those who were active duty and reservists that were a part

of the following: United States Army, United States Air Force, United States Navy, United States

Marine Corps, United States Coast Guard, Commissioned Corps of the United States Public Health

Service, and Commissioned Corps of the National Oceanic and Atmospheric Association, National

Guard/Reserve, Army National Guard, Army Reserve, Navy Reserve, Marine Corps Reserve, Air National Guard, Air Force Reserve, and United States Coast Guard Reserve and their families. This program also covered survivors, former spouses, Medal of Honor recipients and their families, and others registered in the Defense Enrollment Eligibility Reporting System (DEERS).

2.      There were two types of beneficiaries under the TRICARE program: (a) Sponsors - active duty, retired and guard/reserve members, and (b) Family Members - spouses and children who were registered in DEERS.

3.      In order to pay a claim, TRICARE required that the item or service being billed must be medically necessary, properly prescribed by a licensed physician and actually provided to a TRICARE beneficiary.

4.      TRICARE was a health care benefit program as defined by Title 18, United States Code, Section 24(b) and a Federal health care program as defined by Title 42, United States Code, Section 1320-7b(f), and as such it was illegal for an individual to pay kickbacks to a person for the referral of an individual for the furnishing of some health care item, benefit or service.

5.      TRICARE contracted with Express Scripts, Incorporated (ESI) to administer the TRICARE program, specifically for the processing and payment of claims.

**The Defendants and Related Entities**

6.      Pharmacy 1, a corporation organized under the laws of the State of Florida, was a pharmacy located in the Middle District of Florida that purportedly provided pharmaceutical drugs and compounded medications to TRICARE and private commercial insurance beneficiaries.

7.      Pharmacy 2, a corporation organized under the laws of the State of Oklahoma, was a pharmacy located in the Western District of Oklahoma that purportedly provided pharmaceutical drugs and compounded medications to TRICARE and private commercial insurance beneficiaries.

8.     SKR Services and Ventures, LLC. ("SKR"), a corporation organized under the laws of the State of Florida, located in the Miami-Dade County in the Southern District of Florida, recruited and paid individuals to refer TRICARE beneficiaries to it so that it could in turn refer those beneficiaries to Pharmacies 1 and 2.

9.     Med Health Quest, Inc. and MHQ Ventures, LLC., (collectively "MedHealth Quest"), were corporations organized under the laws of the State of Texas that recruited and paid individuals to refer TRICARE beneficiaries to them so that they could in turn refer those beneficiaries to Pharmacies 1 and 2.

10.    Defendant **SENTHIL RAMAMURTHY**, a resident of the Miami-Dade County, Florida, was the controlling officer of SKR and Med Health Quest.

11.    Comfort Medical Center, LLC. ("CMC"), a corporation organized under the laws of the State of Florida, located in the Southern District of Florida, did business in Miami-Dade County as a medical clinic, purportedly providing medical services to TRICARE beneficiaries and other patients.

12.    Jennifer John Carbon, a resident of Miami-Dade County, Florida was an owner and officer of CMC.

13.    Uddin Enterprises, Inc., a corporation organized under the laws of the State of New York, recruited and paid individuals to refer TRICARE beneficiaries to it so that it could in turn refer those beneficiaries to SKR.

14.    Asif Uddin, a resident of the State of New York was the sole owner and officer of Uddin Enterprises, Inc.

15.    Defendant **MANGALA RAMAMURTHY, M.D.**, was the mother of **SENTHIL RAMAMURTHY**, a licensed physician, and a resident of the State of Texas.

3

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.      The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From on or about September 30, 2014, through on or about July 10, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SENTHIL RAMAMURTHY, and**
**MANGALA RAMAMURTHY, M.D.,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and with Asif Uddin, Jennifer John Carbon and others, known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

b.      to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in

4

interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) paying and receiving kickbacks in exchange for the referral of TRICARE patients and the arrangement for false and fraudulent prescriptions for compounded medicines;  (b) submitting and causing the submission of false and fraudulent claims to TRICARE via interstate wire communications; (c) concealing the submission of false and fraudulent claims to TRICARE; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others and to further the fraud.

### MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things:

4.      **SENTHIL RAMAMURTHY**, through SKR and Med Health Quest, offered and paid kickbacks to co-conspirators via interstate wire communications, including Asif Uddin, in exchange for recruiting TRICARE beneficiaries who agreed to order and receive compounded medications from Pharmacies 1 and 2, regardless of whether the beneficiaries needed the compounded medications.

5.      **SENTHIL RAMAMURTHY**, through SKR and Med Health Quest, offered and paid kickbacks to co-conspirators, including Jennifer John Carbon, in exchange for creating false and fraudulent prescriptions for compounded medication regardless of whether beneficiaries needed the compounded medications.

6.      **SENTHIL RAMAMURTHY**, through SKR and Med Health Quest, induced beneficiaries to agree to order and receive compounded medications from Pharmacies 1 and 2 by falsely representing the beneficiaries' obligation to pay copays for compounded medications by instructing patient recruiters that they could pay copays on the beneficiaries' behalf.

7.      **MANGALA RAMAMURTHY, M.D.** wrote prescriptions and authorized numerous refills for expensive compounded medications for TRICARE patients without ever communicating with patients, and without regard to whether the patients had any medical necessity for the prescriptions.

8.      **SENTHIL RAMAMURTHY** and his co-conspirators caused Pharmacies 1 and 2 to file false and fraudulent claims via interstate wires communications, designed for maximum reimbursement by TRICARE without regard to actual therapeutic value, and not properly prescribed by a licensed medical professional with a legitimate physician-patient relationship.

9.      As the result of these false and fraudulent claims, TRICARE made payments to Pharmacies 1 and 2 via interstate wire communications, in at least the approximate amount of $6.3 million, and Pharmacies 1 and 2 split the proceeds with **SENTHIL RAMAMURTHY.**

10.     **SENTHIL RAMAMURTHY** used the fraud proceeds received from Pharmacies 1 and 2 to benefit himself and others and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-10
### Health Care Fraud
### (18 U.S.C. § 1347)

1.      The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From on or about September 30, 2014, through on or about July 10, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SENTHIL RAMAMURTHY and**
**MANGALA RAMAMURTHY, M.D.,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

### Purpose of the Scheme and Artifice

3.     It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) paying and receiving kickbacks in exchange for the referral of TRICARE patients and arrangement for false and fraudulent prescriptions for compounded medicines; (b) submitting and causing the submission of false and fraudulent claims to TRICARE via interstate wire communications; (c) concealing the submission of false and fraudulent claims to TRICARE; (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others and to further the fraud.

### The Scheme and Artifice

4.     The Manner and Means section of Count 1 of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

**Acts in Execution or Attempted Execution of the Scheme and Artifice**

5.     On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant identified in each count in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that the defendants submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that Pharmacies 1 and 2 provided compounded medications that were medically necessary and properly prescribed as required by law and by TRICARE regulations as set forth below:

| Count | Defendant | Tricare Beneficiary | Approx. Date of Submission of Claim | Rx No. | Item Claimed and Approx. Amount Claimed |
|-------|-----------|---------------------|-------------------------------------|--------|-----------------------------------------|
| 2 | **SENTHIL RAMAMURTHY** | J.V. | 12/18/2014 | 102588 | Fluticasone $12,205 |
| 3 | **SENTHIL RAMAMURTHY** | J.R. | 1/21/2015 | 103423 | Lipoic Acid Powder $23,047 |
| 4 | **SENTHIL RAMAMURTHY** | C.M. | 3/2/2015 | 103800 | Lipoic Acid Powder $23,790 |
| 5 | **SENTHIL RAMAMURTHY and MANGALA RAMAMURTHY, M.D.** | J.R. | 3/2/2015 | 103794 | Lipoic Acid Powder $23,790 |

| Count | Defendant | Tricare Beneficiary | Approx. Date of Submission of Claim | Rx No. | Item Claimed and Approx. Amount Claimed |
|---|---|---|---|---|---|
| 6 | SENTHIL RAMAMURTHY and MANGALA RAMAMURTHY, M.D. | C.M. | 3/2/2015 | 103802 | Fluticasone $12,283 |
| 7 | SENTHIL RAMAMURTHY and MANGALA RAMAMURTHY, M.D. | S.T. | 3/5/2015 | 103797 | Lipoic Acid Powder $23,790 |
| 8 | SENTHIL RAMAMURTHY and MANGALA RAMAMURTHY, M.D. | J.H. | 4/9/2015 | 104069 | Fluticasone $13,070 |
| 9 | SENTHIL RAMAMURTHY | M.T. | 4/27/2015 | 27018 | Fluticasone $10,256 |
| 10 | SENTHIL RAMAMURTHY and MANGALA RAMAMURTHY, M.D. | D.B. | 4/28/2015 | 104370 | Methyltetrahydrofolate Powder $3,413 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 11
### Conspiracy to Pay and Receive Health Care Kickbacks
### (18 U.S.C. § 371)

1.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From on or about September 30, 2014, through on or about July 10, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SENTHIL RAMAMURTHY and**
**MANGALA RAMAMURTHY, M.D.,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with Asif Uddin, Jennifer John Carbon and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

     a.     to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by wire transfer, in return for referring an individual to a person for the furnishing and arranging for furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and

     b.     to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by wire transfer, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE; and

     c.     to violate Title 42, United States Code, Section 1320a-7b(b)(1)(B), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by wire transfer, to a person in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, this is, TRICARE.

**PURPOSE OF THE CONSPIRACY**

3.    It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (1) soliciting, receiving, offering and paying kickbacks and bribes in return for obtaining and referring TRICARE beneficiaries to serve as patients; and (2) submitting and causing the submission of claims to TRICARE for compounded medications that Pharmacies 1 and 2 purported to provide to those TRICARE beneficiaries.

**MANNER AND MEANS**

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4.    Defendant **SENTHIL RAMAMURTHY**, through SKR and Med Health Quest, solicited and received kickbacks, including from Pharmacies 1 and 2, in exchange for recruiting and referring TRICARE beneficiaries to those pharmacies, knowing that they would bill TRICARE for compounded medications purportedly dispensed to the recruited TRICARE beneficiaries.

5.    Defendant **SENTHIL RAMAMURTHY**, through SKR and Med Health Quest, offered and paid kickbacks to Asif Uddin, Jennifer John Carbon and others in exchange for the recruitment and referral of TRICARE beneficiaries that **SENTHIL RAMAMURTHY** in turn referred to pharmacies including to Pharmacies 1 and 2.

6.    Defendant **SENTHIL RAMAMURTHY**, through SKR and Med Health Quest, offered and paid kickbacks to Jennifer John Carbon in exchange for false and fraudulent prescriptions for compounded medications to be arranged for and furnished to **SENTHIL RAMAMURTHY** by Carbon.

7.      Defendant **MANGALA RAMAMURTHY, M.D.,** prescribed compounded medications to TRICARE beneficiaries knowing that Pharmacies 1 and 2 would fill those prescriptions, and in turn pay kickbacks for those prescriptions to **SENTHIL RAMAMURTHY**.

8.      Defendants **SENTHIL RAMAMURTHY, MANGALA RAMAMURTHY, M.D.,** and others, caused TRICARE to pay Pharmacies 1 and 2 based upon compounded medications alleged to have been dispensed to TRICARE beneficiaries.

9.      As a result of these claims, TRICARE made payments to Pharmacies 1 and 2, and Pharmacies 1 and 2 split the proceeds with **SENTHIL RAMAMURTHY**.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one co-conspirator committed and caused to be committed, in Miami-Dade County, in the Southern District of Florida, and elsewhere, at least one of the following overt acts:

1.      On or about September 30, 2014, **SENTHIL RAMAMURTHY** obtained an Employer Identification Number from the Internal Revenue Service for SKR.

2.      On or about October 4, 2014, **SENTHIL RAMAMURTHY** sent a text message to Asif Uddin offering to pay Uddin 25% for each TRICARE beneficiary Uddin referred to him.

3.      On or about December 2, 2014, **SENTHIL RAMAMURTHY** sent a text message Asif Uddin instructing Uddin how to fill out a pre-printed prescription for compounded medications and telling Uddin to use pre-paid Visa cards to pay copayments on TRICARE beneficiaries' behalf.

4.      On or about December 16, 2014, **SENTHIL RAMAMURTHY** e-mailed Jennifer John Carbon instructing her how to fill out a prescription for compounded medications.

5.      On or about January 29, 2015, **SENTHIL RAMAMURTHY**, through SKR, paid

Asif Uddin a kickback in the approximate amount of $97,774 in exchange for Uddin's referral of TRICARE beneficiaries to SKR.

6.      On or about January 29, 2015, **SENTHIL RAMAMURTHY**, through SKR, paid CMC a kickback in the approximate amount of $23,939 in exchange for Jennifer John Carbon's arranging for the furnishing of prescriptions for compounding medications to SKR.

7.      On or about February 27, 2015, **MANGALA RAMAMURTHY, M.D.**, e-mailed a principal of Med Health Quest confirming her contact information.

8.      On or about February 28, 2015, **MANGALA RAMAMURTHY, M.D.,** wrote a prescription for compounded medications for TRICARE beneficiary D.B.

9.      On or about February 28, 2015, **MANGALA RAMAMURTHY, M.D.**, wrote a prescription for compounded medications for TRICARE beneficiary J.R.

10.     On or about March 2, 2015, **MANGALA RAMAMURTHY, M.D. and SENTHIL RAMAMURTHY** met with a principal of a financial services company to pressure the company into making a loan to Pharmacy 1 for purposes of securing funding for the payment of kickbacks to **SENTHIL RAMAMURTHY**.

11.     On or about March 31, 2015, **SENTHIL RAMAMURTHY**, through SKR, paid Asif Uddin a kickback in the approximate amount of $33,482 in exchange for Uddin's referral of TRICARE beneficiaries to SKR.

12.     On or about May 12, 2015, **SENTHIL RAMAMURTHY** caused a kickback payment to be made to SKR in the approximate amount of $550,000 in exchange for referrals of TRICARE beneficiaries to Pharmacies 1 and 2.

All in violation of Title 18, United States Code, Section 371.

<u>COUNTS 12-16</u>
**Receipt of Kickbacks in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(1)(A))**

1.      The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SENTHIL RAMAMURTHY,**

did knowingly and willfully solicit and receive any remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by wire transfer, as set forth below, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, this is, TRICARE.

| Count | Approx. Date of Kickback Payment | Approx. Amt. of Kickback Payment |
|---|---|---|
| **12** | 12/23/2014 | $55,774 |
| **13** | 03/16/2015 | $155,663 |
| **14** | 04/10/2015 | $488,622 |
| **15** | 05/12/2015 | $550,000 |
| **16** | 7/10/2015 | $235,601 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNTS 17-24
**Payment of Kickbacks in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(2)(A))**

1.      The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### SENTHIL RAMAMURTHY,

did knowingly and willfully offer and pay any remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by wire transfer, as set forth below, to a person, to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE.

| Count | Approx. Date of Kickback Offer or Payment | Approx. Amt. of Kickback Offer or Payment |
|:---:|:---:|:---:|
| 17 | 12/24/2014 | $9,636 |
| 18 | 1/29/2015 | $97,774 |
| 19 | 1/29/2015 | $23,939 |
| 20 | 03/27/2015 | $14,890 |
| 21 | 3/31/2015 | $33,482 |
| 22 | 4/14/2015 | $6,855 |
| 23 | 4/20/2015 | $10,000 |
| 24 | 5/20/2015 | $8,000 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

**COUNTS 25-27**
**False Statements**
**(18 U.S.C. §1001(a)(2))**

On or about the dates enumerated as to each count set below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, in a matter within the jurisdiction of the United States Department of Defense, an agency of the executive branch of the Government of the United States, the defendant,

**MANGALA RAMAMURTHY, M.D.,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation:

| Count | Approximate Date | False Statement |
|-------|------------------|-----------------|
| 25 | October 19, 2018 | **MANGALA RAMAMURTHY, M.D.** represented that she did not know that **SENTHIL RAMAMURTHY** had any interest and involvement in MedHealth Quest, when in truth and in fact, as then well known by **MANGALA RAMAMURTHY, M.D., SENTHIL RAMAMURTHY** did have an interest and involvement in MedHealth Quest. |
| 26 | October 19, 2018 | **MANGALA RAMAMURTHY, M.D.** represented that she personally spoke to each patient identified at Counts 5-8 and 10 of this Superseding Indictment when she wrote them prescriptions for compounded medication, when in truth and in fact, as then and well known by **MANGALA RAMAMURTHY, M.D.** she did not speak to any of the patients in connection with writing those prescriptions. |
| 27 | October 19, 2018 | **MANGALA RAMAMURTHY, M.D.** denied having any involvement with, and conducting any business on behalf of, SKR, when in truth and in fact, as then well known by **MANGALA RAMAMURTHY, M.D.,** she did have involvement with, and conducted business on behalf of, SKR. |

In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## FORFEITURE
### (18 U.S.C. § 982(a)(7))

1.     The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **SENTHIL RAMAMURTHY** and **MANGALA RAMAMURHTY, M.D.,** have an interest.

2.     Upon conviction of a "Federal health care offense," as defined by Title 18, United States Code, Section 24, as alleged in Counts 1-24 of this Superseding Indictment, the defendant so convicted shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3.     Upon conviction, the United States will seek entry of a forfeiture money judgment for a sum of money equal in value to the property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the Federal health care offenses charged in this Superseding Indictment.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b).

A TRUE BILL

_____
GRAND JURY FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
KEVIN J. LARSEN
ASSISTANT UNITED STATES ATTORNEY

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**SENTHIL RAMAMURTHY and
MANGALA RAMAMURTHY, M.D.,**

_____ **Defendants.** _____/

CASE NO. 18-20710-CR-ALTONAGA(s) _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| ✓ Miami | ___ Key West | |
| ___ FTL | ___ WPB | ___ FTP |

New defendant(s)          Yes   ✓   No  ____
Number of new defendants  ____
Total number of counts    ____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     No
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

| | | |
|---|---|---|
| I | 0 to 5 days | ✓ |
| II | 6 to 10 days | |
| III | 11 to 20 days | |
| IV | 21 to 60 days | |
| V | 61 days and over | |

   (Check only one)

| | |
|---|---|
| Petty | |
| Minor | |
| Misdem. | |
| Felony | ✓ |

6. Has this case previously been filed in this District Court?     (Yes or No)   Yes ____
   If yes: Judge CECILIA M. ALTONAGA     Case No. 18-20710 _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)   No ____
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)     No ____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes ____   No ✓ ____

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes ____   No ✓ ____

_____
KEVIN J. LARSEN
ASSISTANT UNITED STATES ATTORNEY
FL Bar No. A5501050

*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: SENTHIL RAMAMURTHY

**Case No**: 18-20710-CR-ALTONAGA(s)

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:** Twenty (20) Years' Imprisonment

Counts #: 2-10

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) Years' Imprisonment as to Each Count

Count #: 11

Conspiracy to Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) Years' Imprisonment

Counts #: 12-16

Receipt of Kickbacks in Connection with a Federal Health Care Program

Title 42, United States Code, Section 1320a-7b(b)(1)(A)

**\*Max. Penalty:** Five (5) Years' Imprisonment as to Each Count

Counts #: 17-24

Payment of Kickbacks in Connection with a Federal Health Care Program

Title 42, United States Code, Section 1320a-7b(b)(2)(B)

**\*Max. Penalty:**      Five (5) Years' Imprisonment as to Each Count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MANGALA RAMAMURTHY, M.D.

**Case No**:  18-20710-CR-ALTONAGA(s)

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) Years' Imprisonment

Counts #: 5-8, 10

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**      Ten (10) Years' Imprisonment as to Each Count

Count #: 11

Conspiracy to Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:**      Five (5) Years' Imprisonment

Counts #: 25-27

False Statements

Title 18, United States Code, Section 1001(a)(2)

**\*Max. Penalty:**      Five (5) Years' Imprisonment as to Each Count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**