UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20710-CR-ALTONAGA(s)

UNITED STATES OF AMERICA

vs.

SENTHIL RAMAMURTHY and
MANGALA RAMAMURTHY,

    **Defendants.**
_____/

## GOVERNMENT'S THIRD RESPONSE TO THE STANDING DISCOVERY ORDER

COMES NOW, THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney and files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. The government's third response to the Standing Discovery Order is comprised of documents with bates range of GOV01-000001 through GOV01-000255, GOV02-000001 through GOV02-001950, UE00001 through UE004907, GOV03-000001 through GOV03-006243, SKR-0000001 through SKR-0025921 and GOV04-000001 as to defendant Mangala Ramamurthy; and GOV03-000001 through GOV03-006243 and GOV04-000001 as to Defendant Senthil Ramamurthy.

The government will supplement its production as necessary.

    A.    1.    Written or recorded statements made by the defendants:
The government obtained written statements made by the defendant Senthil Ramamurthy in the form of text messages and e-mails between the defendant Senthil Ramamurthy and one or more co-conspirators. These text messages were produced to his counsel on October 12, 2018, with additional productions made on October 26, 2018 and January 18, 2019.

      Written statements in the form of e-mails between Defendant Mangala Ramamurthy and one or more co-conspirators were produced to her counsel on or about January 18, 2019.

2. Oral statements made by the defendants before or after arrest in response to interrogation by a then known-to-be government agent which the government intends to offer in evidence at trial: Not applicable.

3. Recorded grand jury testimony of the defendants relating to the offenses charged: Not applicable.

4. The defendant's arrest and conviction record: Documents containing the Defendant Senthil Ramamurthy's arrest and conviction record were mailed to counsel for the defendant on October 26, 2018; documents containing the Defendant Mangala Ramamurthy's arrest and conviction record were mailed to her counsel on or about January 18, 2019.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case-in-chief, or which were obtained from or belonging to the defendant:

    Documents responsive to this category were e-mailed to counsel for the defendant Senthil Ramamurthy on or about October 12, 2018, additional responsive documents were mailed to counsel for the defendant on October 26, 2018, and January 18, 2019. Documents responsive to this category were mailed to counsel for the Defendant Mangala Ramamurthy on or about January 18, 2019. The government will supplement this information as necessary.

6. The government has not performed any physical or mental examinations of the defendant.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable to the defendants on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976)

D. The government will disclose to the defendants the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within

        the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.      The government will disclose prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      The defendants were identified in a lineup, show up, photo spread or similar identification proceedings by the following individuals: Not applicable.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendants of its intent, if any, to introduce evidence during its case in chief pursuant to Fed. R. Evid. 404(b). Notwithstanding, the defendants are hereby on notice that all evidence made available for inspection, as well as all statements disclosed herewith or in any future discovery response, may be offered in the trial of this cause, under Fed. R. Evid. 404(b) or otherwise, including the inextricably-intertwined doctrine.

I.      The defendants are not aggrieved persons, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance.

J.      The government will order transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case.

K.      Drug contraband is not involved in this case.

L.      The government does not know of any vehicle, vessel, or aircraft allegedly utilized in the commission of this offense that is in the government's possession.

M.      No latent fingerprints have been identified by a government expert as those of the defendants at this time.

N.      The government anticipates that it may call one or more witnesses from Tricare and/or Express Scripts to testify regarding rules and regulations related to the claims and/or reimbursement process at issue in this case, as well as to issues related to the medical equivalency of compounded products to commercially available over-the-counter products. Should this testimony even qualify as expert opinion within the rules, the government will timely disclose a written summary of testimony the government reasonably

    expects to offer at trial as required under Rules 702, 703, or 705 of the Federal Rules of Evidence.

    The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial, if any, pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

P.    At the discovery conference or thereafter, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi, if any, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure. The approximate time, date, and place of the offense:

    Time: Please see Superseding Indictment
    Date: Please see Superseding Indictment
    Place: Please see Superseding Indictment

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:    /s/Kevin J. Larsen
    Kevin J. Larsen
    Assistant United States Attorney
    Court No. A5501050
    99 N.E. 4th Street, 4th Floor
    Miami, FL 33132
    Tel: 305-961-9356
    Fax: 305-536-4699

Kevin.Larsen@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and on or about January 18, 2019 by means of U.S. Mail to Gregg Bernstein, Esq., 100 East Pratt Street, Suite 2440, Baltimore, MD 21202, and David Oscar Markus, 40 N.W. 3rd Street, PH 1, Miami, FL 33128.

/s/Kevin J. Larsen
Kevin J. Larsen
Assistant United States Attorney