## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case Number 18-20710-CR-ALTONAGA/GOODMAN(s)

**UNITED STATES OF AMERICA,**

**vs.**

**MANGALA RAMAMURTHY,**

> **Defendant.**

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully submits its opposition to the Defendant Mangala Ramamurthy's ("Defendant") Motion for Bill of Particulars [D.E. 70]. The superseding indictment in this case [D.E. 32] describes in specific detail how the Defendant, a licensed physician, conspired with her son, co-defendant Senthil Ramamurthy to defraud the Tricare program by writing prescriptions for expensive and medically unnecessary compounded medications to Tricare beneficiaries so that her son could refer those prescriptions to a compounding pharmacy in exchange for kickbacks. When the government agreed to meet with the Defendant for a proffer interview in October, 2018, she lied about her involvement in the scheme. The Defendant erroneously paints the superseding indictment in this case as being supported by a "scant amount of information" [D.E. 70 at 1], and insinuates that the charges brought against her are the result of some government vendetta because she refused to incriminate her son. The charges contained in the superseding indictment are the result of a lengthy and evolving investigation; an investigation which remains on-going. Notwithstanding the specificity of the superseding indictment, Defendant improperly seeks to use a bill of particulars to discover the government's general trial strategy. The Defendant's motion should be denied.

## I.    __INTRODUCTION__

The defendant pursuant to Fed. R. Crim. P. 7(f) moves for a bill of particulars asking this Court to direct the government to provide more detail on the following four issues:  (1) the precise date that the government alleges the defendant to have entered the conspiracy and how long her participation lasted; (2) the specific verbatim questions that form the basis of the false statement charges in counts 25, 26, & 27 of the superseding indictment; (3) the specific verbatim answers that form the basis of the false statement charges in counts 25, 26, & 27 of the superseding indictment; and (4) the way in which the government alleges the specific statements in counts 25, 26 & 27 to be false [D.E. 70 at 6].  At bottom, these requests constitute generalized discovery designed to compel the government to prematurely reveal its trial strategy.  This is not the proper function of a motion for a bill of particulars.  The superseding indictment in this case easily passes constitutional muster so the defendant's motion should be denied.

## II.    __LEGAL STANDARD FOR MOTIONS FOR BILL OF PARTICULARS__

A motion for bill of particulars has very specific purpose.  It is not intended to be used as a discovery tool.  *United States v. Warren,* 772 F.2d 827, 837 (11th Cir. 1985) (commenting that "[g]eneralized discovery is not the proper function of a bill of particulars").  Nor is a bill of particulars "designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely on at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).  Rather, as the Eleventh Circuit has explained:

> The purpose of a true bill of particulars is threefold:  to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event

of a later prosecution for the same offense. . . .   A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information <u>necessary</u> for trial preparation.   Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. . . .To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. . . *United States v. Anderson,* 799 F.2d 1439, 1441-42 (11ᵗʰ Cir. 1986) (emphasis in original; citations and quotations omitted).

In other words, "[t]he function of the bill of particulars is to reduce surprise at the <u>charge</u> . . . . It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant." *United States v. Scrushy,* 2004 WL 483264, at *7-9 & n.5 (N.D. Ala. March 3, 2004) (emphasis in original).  Where the information needed to give notice of the charge has already been provided in the Indictment and discovery, a bill of particulars is not required. *United States v. Martell*, 906 F.2d 555, 558 (11ᵗʰ Cir. 1990) ("[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'")     Rule 7(f) is not a discovery device; it cannot be used as a way to get a neat and organized list of the evidence the government intends to introduce at trial. *See Burgin,* 621 F.2d at 1359 ("The function of a bill of particulars is to enable the defendant to prepare for trial and avoid prejudicial surprise as well as providing protection against a subsequent prosecution for the same offense.  It is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.").  Finally, the Court has substantial discretion to grant or deny a motion for bill of particulars *United States v. Colson,* 662 F.2d 1389, 1391 (11ᵗʰ Cir. 1981).  The Eleventh Circuit's review of a court's bill of particulars decision is very narrow; the denial of a request for bill of particulars "may be challenged only for abuse of that discretion," and "[p]roof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by denial." *Id.*

**A.  The Defendant is not Entitled to Precise Dates within the Charged Conspiracies**

Notwithstanding the fact that the superseding indictment provides ample detail to the Defendant about the temporal scope of the alleged conspiracies, the object of those conspiracies, and the manner and means by which the conspiracies were accomplished, the Defendant asserts that the government is required to commit to *precise dates* within the date range alleged in the superseding indictment that she *entered* and *exited* the conspiracy [D.E. 70 at 2], because of the danger that the government might offer inadmissible evidence in the form of text messages and other statements by co-conspirators *prior* to her entrance into the conspiracy. *Id.*  The failure to provide specific dates of conduct committed in furtherance of a conspiracy is not a basis for a bill of particulars, however.  *See Colson*, 662 F.2d at 1391 (affirming denial of motion for bill of particulars seeking precise dates of conduct within conspiracy); *see also United States v. Belardo-Quinones,* 71 F.3d 941, 944 (1st Cir. 1995) (government's refusal to provide specific dates of conduct within a conspiracy not a basis for granting bill of particulars) (*citing United States v. Paiva,* 892 F.2D 148, 153-56 (1st Circuit 1989) (affirming denial of motion for bill of particulars on indictment that did not specify precise dates conspiracy began and ended and date the defendant joined the conspiracy).  Moreover, the potential inadmissibility of co-conspirator statements (which have already been produced to the Defendant in discovery) is not a basis to compel a bill of particulars, has nothing to do with providing notice to the Defendant of the charges, nor will a bill mitigate the risk of surprise at trial or implicate double jeopardy. Rather, what the Defendant seeks is to improperly get generalized discovery of the government's trial strategy.

The superseding indictment alleges health care fraud and kickback conspiracies that began in September 2014 and ended in July 2015 [D.E. 32 at 4-6, 9-13].  It specifically alleges that the Defendant's role in the conspiracy was the writing of prescriptions for expensive and medically

unnecessary compounded medications that she knew her son received kickbacks for. [D.E. 32 at 6.]   The superseding indictment goes even further, and identifies specific prescriptions the Defendant allegedly authorized as well as kickback payments tied to those prescriptions. *Id.* at 8-9.   In preparation for trial, the government continues to review and analyze discovery as well as interview and evaluate potential witnesses.   The Defendant cannot reasonably argue that the conspiracy charges are unclear or that she will somehow be surprised.   This Court should not permit the Defendant to use a bill of particulars to require the government to commit <u>now</u> to precise dates other than those already contained in the superseding indictment.   To do so could have the effect of improperly confining the government's proof to evidence it knows about today and estopping it from offering evidence it might later discover in connection with its continuing investigation.   To the extent that counsel for the defendant believes the government may offer inadmissible testimony of co-conspirators at trial, it can object and seek an evidentiary ruling from the Court when the issue becomes ripe.   A bill of particulars is not the appropriate remedy here.

###    B.    <u>The Defendant is not Entitled to Verbatim Questions and Answers</u>

The Defendant also argues that she is entitled to know the precise *word for word* questions posed to her at her October 19, 2018 debrief and the *word for word* answers she provided in response. D.E. 70 at 3.   Defendant also seeks to discover how the government intends to prove the falsity of her statements on October 19, 2018. *Id.* at 2.   Citing to two false statement cases that involved recorded testimony, the defendant implies that there can be no viable prosecution for false statements in the absence of a transcript or recording. *Id., citing United States v. Roger Stone, Jr.,* Case. No. 19-cr-0018 (D.D.C. Jan. 25, 2019); and *United States v. Barry Bonds,* Case No., 07-CR-0732 (N.D. Cal. Nov. 15, 2007).    This implication is incorrect.    *See, e.g., United States v. Brown*, 303 F.3d 582 (5th Cir. 2002) (defendant charged and convicted for making false statements

to FBI agents during interview that was not recorded or transcribed).  There is no requirement that an indictment specify verbatim the questions posed and the answers given in a prosecution for making false statements to a federal agency, even in cases where the testimony was already recorded or transcribed.  *See United States v. Cason*, 39 F.Supp. 731, 733 (D. La. 1941) (bill of particulars denied in false statement case because no requirement to specify verbatim the questions asked and the answers given, it is sufficient to allege the substance of the false statement).

Defendant also claims that "the government is required to prove that the question was specific and not ambiguous, that the answer was literally false, and that she was 'pinned down' on the answer." D.E. 70 at 3.  Defendant cites no authority for this argument, and neither the language of the statute nor case law supports the defendant's position that the government is required to make such a showing, and certainly not at this pre-trial stage of the case.  To prevail on the false statements charge contained in the indictment the government must prove: (1) the defendant made the statement; (2) the statement was false; (3) the falsity concerned a material matter; (4) the defendant acted willfully, knowing the statement was false; and (5) the false statement was made, or used for a matter within the jurisdiction of the United States.  *Eleventh Circuit Pattern Jury Instructions* - Criminal (2016), Offense Instruction No. 36.

The Defendant additionally contends that she is entitled to a more precise description of her purportedly false statements because the government merely provided her with an unconstitutionally vague description of the "substance" of her false statement. *See* D.E. 70 at 3. Defendant relies on an out-of-circuit decision (*United States v. Trie,* 21 F. Supp.2d 7, n.12 (D.D.C. 1998)) to support her argument.  In *Trie,* the defendant was charged with three counts of "aiding and abetting the making of false statements to a government agency in violation of 18 U.S.C. § 1001 and 18 U.S.C. § 2." *Trie,* 21 F.Supp.2d at 13.  In opposition to Trie's motion for bill of particulars, the government contended that information pertaining to Trie's alleged false

6

statements was contained in the approximately 1.9 million pages of discovery located at a central file location.  *See Trie,* 21 F. Supp.2d at n. 12.  The Court stated that "[a] defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Id.* at 21 (citation omitted).  The case before this Court is completely inapposite to *Trie* in that here the superseding indictment specifically alleges the false statements made by the Defendant – there is no guesswork required by the Defendant here.  The Defendant was present at her debriefing on October 19, 2018, and an interview report summarizing the debrief prepared by the case agent tasked with writing the report was produced to her counsel in January 2019.  Moreover, the superseding indictment contains the *specific statements* the government charges to be false.  One of the primary purposes for a bill of particulars is to eliminate the defendant's surprise at the charges brought against her. *See Burgin,* 621 F.2d at 1359.  Where the bulk of the government's evidence consists of testimony regarding conversations the defendant personally participated in, the defendant cannot argue surprise and a bill of particulars is not warranted.  *See United States v. Cole,* 755 F.2d 748, 760-61 (11th Cir. 1985) (denying motion for bill of particulars where indictment tracked the language of the statute, provided adequate notice of charges, and bulk of government's evidence involved testimony by witnesses about conversations in which the defendant *participated*) (emphasis added).

    This Court should deny Defendant's motion because it seeks generalized discovery and calls for the government to reveal *how* it intends to prove at trial the falsity of the statements -- this is not allowed under a motion for a bill of particulars. *Burgin*, 621 F.2d at 1359; *see also Scrushy,* 2004 WL 483264, at *7-9 & n.5.  While the superseding indictment precisely specifies the

Defendant's purportedly false statements, she argues that the government must go further and specify "the way in which the government alleges the specific statement to be false [D.E. 70 at 3]." But this Circuit's predecessor Court has expressly rejected such a requirement. *See United States v. Barnhart,* 889 F.2d 1374 (5th Cir. 1989), and *United States v. Oberski,* 734 F.2d 1035, 1035 n. 1 (5th Cir. 1984) (rejecting requirement that a perjury indictment allege in detail the factual proof that will be relied on to support the charges). The same reasoning applies to an indictment for making false statements. Here, the superseding indictment alleges the essential elements of the § 1001 offense, enabling the Defendant to prepare her defense and to invoke the double jeopardy clause in any subsequent proceeding for the same offense, *Oberski,* 734 F.2d at 1035, the motion should be denied.

## III.   CONCLUSION

For all of the foregoing reasons, the United States respectfully contends that the Defendant's motion should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY


By: /s Kevin J. Larsen
Kevin J. Larsen
Assistant United States Attorney
Court No. A5501050
99 Northeast 4th Street, 4th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9356
Fax: (305) 536-4699
Email: kevin.larsen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s Kevin J. Larsen        
     Kevin J. Larsen
     Assistant United States Attorney
     Court No. A5501050
     99 Northeast 4th Street, 4th Floor
     Miami, Florida 33132-2111
     Telephone: (305) 961-9356
     Fax: (305) 536-4699
     Email: kevin.larsen@usdoj.gov