UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20710-CR-ALTONAGA/GOODMAN(s)

UNITED STATES OF AMERICA,

vs.

MANGALA RAMAMURTHY,

      **Defendant.**
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY OR, ALTERNATIVELY, DEPOSE AUSA LARSEN

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its opposition to Defendant Mangala Ramamurthy's Motion to Disqualify or, Alternatively, Depose AUSA Kevin Larsen [D.E. 72]. In her motion, Defendant argues that AUSA Larsen is a necessary witness at trial and therefore must be disqualified under the so-called "advocate-witness" rule, which rule generally precludes a lawyer from serving as both a witness and an advocate at trial. Defendant also argues that even if AUSA Larsen is not a witness at trial his participation as advocate would nonetheless amount to improper bolstering or vouching for the government's case. Neither argument has merit. AUSA Larsen is not a necessary witness because several other individuals attended Defendant's proffer and at least two are available to testify about what was said. As such, Defendant has not met her burden to establish "compelling need" for the prosecutor's testimony as mandated under *United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990). Furthermore, AUSA Larsen's mere participation at trial cannot constitute bolstering or vouching unless he interjects his own personal opinions or otherwise implies that information not presented to the jury

supports the government's case. Nothing about the AUSA's attendance at Defendant's proffer compels him to vouch for the government's case, directly or indirectly, especially when it is unnecessary to refer to his presence at the proffer at all. Lastly, there is no basis under Rule 15 to allow defense to depose the prosecuting attorney. Rule 15 is limited to preserving testimony of unavailable witnesses; it cannot be used as a general pretrial discovery tool. For these reasons, Defendant's motion should be denied in its entirety.

## ARGUMENT

### 1. There is No Compelling Need to Call AUSA Larsen at Trial as He is Not a Necessary Witness.

"Courts have properly refused to permit a prosecutor to be called as a defense witness unless there is a compelling need." *United States v. Roberson*, 897 F2d 1092, 1098 (11th Cir. 1990) (multiple citations and internal quotations omitted). Courts have "universally condemned" the practice absent a "compelling need" for the prosecutor's testimony. *Id.* (citations omitted). There can be no compelling need to call a prosecutor where, as here, "there were other witnesses available" to testify. *Id.; see also United States v. Wallach*, 788 F. Supp. 739, 744 (S.D.N.Y. 1992) ("Where witnesses other than the prosecutor can testify to the same matters or conversations, no compelling need exists.") (citing *Roberson*); *United States v. Bin Laden*, 91 F.Supp.2d 600, 622-23 (S.D.N.Y. 2000) (rejecting motion to disqualify prosecutors who conducted unrecorded proffers with defendants because agents were available to testify); *United States v. Campbell*, 2005 WL 6436621 (N.D. Ga. 2005) ("such need [to call the prosecuting attorney] tends not to exist where other witnesses are available to testify to the same subject, or where the defense

2

intends to call the prosecutor as a means to achieve duplicative impeachment.") (citation and internal quotations omitted).

In *Roberson* the district court rejected a defendant's effort to call the prosecuting attorney as a witness concerning the substance of plea negotiations the prosecutor had with a testifying witness. 897 F.3d at 1098. The Eleventh Circuit affirmed that ruling because the defense failed to show that there were no other witnesses who could testify regarding the plea negotiations. Indeed, the Eleventh Circuit explained that because there were agents present during the negotiations, and the prosecutor and the witness were never alone, there could be no compelling need to call the prosecutor as a witness. *Id*. Such is the case here. As Defendant acknowledges there were **four** other individuals (an agent, a paralegal, and two defense attorneys) present at the proffer and they can be called to testify as to any matters or conversations that took place. Defendant's reliance on *United States v. Batchler*, 2017 WL 1745025 (D. Nev. 2017) proves the point. In *Batchler*, the district court deemed the prosecutor a necessary witness because he had "off the record" discussions with the defendant about her grand jury testimony. *Id.* at *3. That grand jury testimony gave rise to perjury charges against the defendant based on inconsistent statements she later gave at a trial prosecuted by the same AUSA. This case has no resemblance to *Batchler*. There were no "off the record" or private discussions between AUSA Larsen and the Defendant. Rather, this was a routine, voluntary proffer in which an agent was designated to take notes and write a report, a procedure designed precisely so the AUSA would not be in a position to become a witness at trial.

It bears noting that the method of conducting the proffer in this case (i.e., with an agent as note-taker and report-drafter) comports with long-standing federal practice and with the ABA Criminal Justice Standards for the Prosecution Function, which in its current form provides that "the prosecutor should be accompanied by another trusted and credible person during the interview. The prosecutor should avoid being alone with any witness who the prosecutor reasonably believes has potential or actual criminal liability, or foreseeably hostile witnesses." American Bar Association, Criminal Justice Standards for the Prosecution Function, Section 3-3.4(f). This rule is designed to "avoid the prospect of having to testify personally about the content of a witness interview." *Id*. Numerous courts have found this procedure to nullify defense efforts to disqualify prosecutors or call them as witnesses. *See United States v. Watson*, 87 F.3d 927, 932 (7th Cir. 1996) ("[the witness-advocate rule] does not mean that every AUSA who interviews a suspect is precluded from representing the government at a suppression hearing regarding the suspect's statement. Far from it. The correct procedure, and one that the AUSA followed in this case, is to avoid interviewing a suspect except in the presence of a third person so that the third person can testify about the interview."); *see also Bin Laden*, 600 F.Supp.2d at 623-24 (multiple citations including the ABA Standards); *Wallach*, 788 F. Supp. at 744 (multiple citations and ABA Standards).

Notwithstanding the forgoing, Defendant maintains that AUSA Larsen is a necessary witness because Magistrate Judge Jonathan Goodman noted that Larsen's notes are less detailed than the notes of the agent designated to write the report. Defendant suggests that she can impeach the agent's testimony by AUSA Larsen's lack of notes. Such

a strategy is factually speculative and illogical. A lack of notes from the AUSA does not negate or contradict the agent's report, especially where the AUSA was not tasked with taking notes or writing a summary report. Finally, it bears emphasizing that if AUSA Larsen believed the agent's summary of the proffer falsely or inaccurately reported Defendant's statements at the proffer, the prosecutor would be obliged to advise the defense of this fact, regardless of whether he had notes or not. The fact that he has not done so speaks volumes.

### 2. AUSA Larsen's Attendance at the Proffer Does Not Require Him to Vouch for or Bolster the Government's Case.

Defendant claims that even if AUSA Larsen does not testify at trial, allowing him to prosecute this case in light of his personal knowledge of the proffer "will require AUSA Larsen to personally vouch for the government's case or its witnesses." DE-72 at 1. This is wrong. To establish a claim of improper vouching, it must be established that the prosecution placed the prestige of the government behind the witness through explicit personal assurances of the witness's veracity, or that the prosecutor implicitly vouched for the witness's veracity by indicating that information not presented to the jury supports that testimony. *See United States v. Cano*, 289 F.3d 1354, 1365 (11th Cir. 2002). Here, nothing about AUSA Larsen's attendance at the proffer requires him to make any explicit assurances about any witness's veracity, nor will he seek to, let alone be required to, impart any information not otherwise presented to the jury through competent evidence.

Elsewhere in her papers, Defendant argues that AUSA Larsen, as a prosecuting attorney who also attended the proffer, would somehow take on the role at trial of an

"unsworn witness." DE-72 at 4. This doctrine is premised on the notion that, "[i]f a witness testifies about events in which the attorney was involved, there is a danger that the jury will view that attorney as an unsworn witness, vouching for the accuracy of any testimony he elicits about events in which he was involved." *Bin Laden*, 91 F.Supp.2d at 624 (citations omitted). The Eleventh Circuit considered this type of argument under similar circumstances in *United States v. Thomas*, 193 Fed. Appx. 881 (11th Cir. 2006) and found it meritless. At issue in *Thomas* was the introduction at trial of a transcript which revealed that the AUSA trying the case had questioned the defendant before the grand jury, which testimony resulted in the perjury charges that were being presented to the jury. Defendant argued that allowing the same AUSA that had questioned him at grand jury prosecute him for perjury was impermissible because the "the prosecutor indirectly testified by introducing the grand jury transcript" *Id.* at 887. The Court rejected that argument because "at no point did the prosecutor imply he was privy to special knowledge about the grand jury proceedings," he "never highlighted his involvement and never intimated to the jury that he had special knowledge about whether or not [defendant] had perjured herself. The evidence spoke for itself." *Id.* at 888. So too here. At trial, the agent will testify as to the statements made by Defendant during the proffer. And other evidence will prove whether those statements were true or false. The government has no need or intent to highlight, let alone mention, that AUSA Larsen was at the proffer. But even if passing mention is made, "[a] prosecutor does not attain witness verity merely by virtue of the jury's awareness that she played a role, even a substantial one, in the pretrial preparation of the case." *Campbell*, *supra* at *11; *see also United States v. Reilly*, 33 F.3d 1396, 1422 (3rd Cir. 1994) (rejecting

6

the argument that a prosecutor who took part in grand jury proceedings in which a defendant presented false testimony could not participate in a subsequent trial for perjury because the prosecutor would become an unsworn witness). In some circumstances, courts have authorized parties to instruct witnesses to identify the presence of a "government attorney" without identifying the name of the prosecutor, as a means to eliminate the unsworn witness issue. *See Bin Laden*, 91 F.Supp.2d at 624-25.  The government is amenable to any such strategies to eliminate any possible unsworn witness concerns.

The Defendant's motion should be denied for the additional reason that granting it would unreasonably prejudice the government in the prosecution of its case.  Until very recently AUSA Larsen has been the only prosecutor assigned to investigate and prepare this complex white-collar matter.  Over the past year he was the only prosecutor interviewing witnesses, reviewing documents, and researching the legal basis for the government's case.  To disqualify AUSA Larsen on the thin bases offered by the Defendant would result in significant hardship to the government.  It would be wholly inappropriate and contrary to law in this Circuit.

### 3. There is No Legal Basis to Depose AUSA Larsen Under Rule 15

In a last ditch effort to press his disqualification strategy, Defendant asks the Court to allow her counsel to "take Larsen's deposition pursuant to Rule 15 so that the extent of his conflict may be explored." D.E. 72 at 6.  Rule 15 provides that a court may, under "exceptional circumstances," allow "that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a). Rule 15 is not, however, a general

7

pretrial discovery tool, as Defendant seeks to use it here. *See United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994) (The purpose of Rule 15 is "to preserve testimony for trial, not to 'provide a method of pretrial discovery.'") (quoting *United States v. Troutman*, 814 F.2d 1428, 1453 (10th Cir. 1987)); *see also United States v. Rich,* 580 F.2d 929, 933-34 (9th Cir.1978) (Rule 15 depositions "are not allowed merely for the purpose of discovery. A defendant may depose a witness only if the witness may be unable to attend trial."). In support of her request, Defendant relies on *United States v. Alexander*, 782 F.3d 1251 (11th Cir. 2015). Her citation is puzzling given that *Alexander* had nothing to do with taking the deposition of the prosecuting attorney in order to explore a speculative conflict. In *Alexander* the district court denied a request to take a witness deposition in Iran, and the Court upheld the district court's denial. 782 F.3d at 1256-57. *Alexander* provides no support for the extraordinary relief Defendant seeks. As such, her request should be denied.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

    By: /s Kevin J. Larsen
        Kevin J. Larsen
        Assistant United States Attorney
        Court No. A5501050
        99 Northeast 4th Street, 4th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9356
        Fax: (305) 536-4699
        Email: kevin.larsen@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      By: /s Kevin J. Larsen
                                            Kevin J. Larsen
                                            Assistant United States Attorney
                                            Court No. A5501050
                                            99 Northeast 4th Street, 4th Floor
                                            Miami, Florida 33132-2111
                                            Telephone: (305) 961-9356
                                            Fax: (305) 536-4699
                                            Email: kevin.larsen@usdoj.gov