**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-20710-CR-ALTONAGA**

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**SENTHIL RAMAMURTHY** and
**MANGALA RAMAMURTHY**,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Mangala Ramamurthy's Motion to Sever Defendants [ECF No. 71], filed pursuant to Federal Rule of Criminal Procedure 14. The Government filed its Response in Opposition [ECF No. 80], to which Defendant filed her Reply [ECF No. 83]. The relief Defendant seeks is evident from the title of the Motion; more particularly, she seeks to be tried separately from her son, Co-Defendant, Senthil Ramamurthy.

This case concerns charges Defendants were involved in a multi-million dollar kickback scheme connected to compounding pharmacies that targeted the TRICARE military insurance benefits program with claims for expensive products the patients did not need. (*See* Superseding Indictment [ECF No. 32] 1–3). Mr. Ramamurthy is charged with 19 counts of health care related offenses. (*See generally id.*). Ms. Ramamurthy, a licensed physician, allegedly signed $1 million in prescriptions for patients she never examined or spoke to, and whom she knew Mr. Ramamurthy was being paid for. (*See* Resp. 2).

Following a de-brief at which the Government's investigation shows Ms. Ramamurthy was not truthful, the Government superseded the Indictment [ECF No. 3], charging Ms.

CASE NO. 18-20710-CR-ALTONAGA

Ramamurthy with seven counts of health care related offenses and three counts of making false statements. (*See* Resp. 3). Ms. Ramamurthy now seeks a severance on the basis she needs Mr. Ramamurthy to testify in her defense and explain what he meant by his text message to alleged co-conspirator, Asif Uddin, stating Ms. Ramamurthy was "on board" to see patients for Mr. Ramamurthy while those very beneficiaries have stated they never spoke to Ms. Ramamurthy nor were they medically evaluated by her. (*See generally* Mot.; Reply).[1]

The general rule in the Eleventh Circuit is that "defendants indicted together should be tried together." *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998) (citation omitted). Only "exceptional circumstances justify[] a deviation from the rule [and those] are few and far between." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (alterations added). "A defendant seeking a severance must carry the 'heavy burden of demonstrating [that] compelling prejudice' would result from a joint trial." *Id.* (alteration in original; quoting *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007)). Tellingly, the mere "potential for prejudice from a joint trial is not enough, and not just any kind of prejudice will do." *Id.* Rather, a defendant must "establish that a joint trial would actually prejudice the defendant and that a severance is the *only proper remedy* for that prejudice — jury instructions or some other remedy short of severance will not work." *Id.* (citations omitted; emphasis added).

Ms. Ramamurthy clearly does not satisfy this exacting burden. She does not, and cannot, point to any *compelling* prejudice given that the prejudice she describes in her Motion and Reply can readily be addressed — and be effectively and entirely removed — by empaneling two juries

---

[1] For purposes of this Order, the Court assumes, without deciding, that Defendant makes the threshold showing of "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial." *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986) (citations omitted). The Court therefore proceeds to analyzing Defendant's Motion exclusively under the "second set of factors" as outlined by the Eleventh Circuit. *Id.*

2

while proceeding with one trial. As explained at the February 13, 2019 status conference (*see* [ECF No. 85]), the undersigned has conducted several criminal trials with more than one jury to allow a co-defendant or other prejudicial witness to testify for the defendant requesting the severance. Mr. Ramamurthy's jury will be excused from the courtroom while Mr. Ramamurthy testifies for Ms. Ramamurthy, and that testimony can in no way be referenced to his jury. In that way, the Government's witnesses will only have to testify once, the Government will only have to try the case once, and the Court will only have to preside over one rather than two trials. *See Machado*, 804 F.2d at 1544 (affirming trial court's denial of motion to sever where any "minimal prejudice . . . was outweighed by considerations of judicial administration and economy . . . ." (alterations added)).

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendant, Mangala Ramamurthy's Motion to Sever Defendants **[ECF No. 71]** is **DENIED**. Should both Defendants proceed to trial and Ms. Ramamurthy wish to have Co-Defendant Senthil Ramamurthy testify on her behalf, the Court will empanel two juries while having one trial.

**DONE AND ORDERED** in Miami, Florida, this 20th day of February, 2019.

                                                        **CECILIA M. ALTONAGA**
                                                        **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record