**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-20710-CR-ALTONAGA**

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**SENTHIL RAMAMURTHY** and
**MANGALA RAMAMURTHY**,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Mangala Ramamurthy's Motion to Disqualify or, Alternatively, Depose AUSA Kevin Larsen [ECF No. 72], filed February 5, 2019. On February 11, 2019, the Government filed its Response in Opposition [ECF No. 81]. Defendant requests the Court disqualify Assistant United States Attorney Kevin Larsen from prosecuting the case against her or alternatively, for permission under Federal Rule of Criminal Procedure 15 to depose Mr. Larsen to determine whether he is an essential defense witness. (*See* Mot. 1). The Court has carefully reviewed the parties' submissions, the record, and applicable law.

This case concerns charges Defendants were involved in a multi-million dollar kickback scheme connected to compounding pharmacies that targeted the TRICARE military insurance benefits program with claims for expensive products the patients did not need. (*See* Superseding Indictment [ECF No. 32] 1–3). Defendant, Senthil Ramamurthy, is charged with 19 counts of health care related offenses. (*See generally id.*). Ms. Ramamurthy, a licensed physician,

allegedly signed $1 million in prescriptions for patients she never examined or spoke to, and whom she knew Mr. Ramamurthy was being paid for. (*See generally id.*).

The Superseding Indictment charges Ms. Ramamurthy with seven counts of health care related offenses, and under 18 U.S.C. section 1001(a)(2), three counts of making false statements. (*See generally id.*). Mr. Larsen, in the presence of case agent Caleb King and a Government paralegal, questioned Ms. Ramamurthy during a debriefing, at which three false statements were allegedly made and are now the subject of the three section 1001(a)(2) counts against Ms. Ramamurthy in the Superseding Indictment. (*See id.* Counts 25–27).

Ms. Ramamurthy asserts Mr. Larsen is a material witness in the case and so cannot prosecute it. (*See* Mot. 4 (citing cases)). Mr. Larsen is purportedly a material witness because his notes of the debrief are not entirely consistent with Agent King's or the paralegal's in that they do not reference one of the allegedly false statements. (*See id.*). Even if Mr. Larsen is not called as a witness, Defendant insists Mr. Larsen should be disqualified because he is an unsworn witness and as the prosecutor, he will vouch for the credibility of the witness he intends to call — Agent King — as to what was said or not said at the debriefing. (*See id.* 5). Alternatively, Defendant seeks to depose Mr. Larsen, "under these extraordinary circumstances where the prosecutor who participated in the debriefing leading to the charges also wants to prosecute the case." (*Id.* 6 (citations omitted)).

"The federal courts have universally condemned the practice of a government prosecutor's testifying at a trial in which he is participating; such testimony is permitted only if required by a compelling need." *United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990) (quoting *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982) (other citations omitted)). Given several other individuals, including Defendant's two previous defense

attorneys (*see* Resp. 3), were present during the debrief, there is no compelling need to call Mr. Larsen as a witness at trial. *See id.* (holding there was "no 'compelling need' to call the prosecuting attorney" where "there were other witnesses available."). And as noted by the Government, the absence of detailed notes prepared by Mr. Larsen at the debrief he conducted does not negate or contradict Agent King's report, as Mr. Larsen was not tasked with taking notes or writing a summary report. (*See* Resp. 5).

Regarding Defendant's claim Mr. Larsen will vouch for his witnesses, Defendant must show: (1) Mr. Larsen will place the prestige of the Government behind the witnesses by making explicit personal assurances about their credibility; or (2) Mr. Larsen will imply that evidence not formally presented to the jury supports their testimony. *See United States v. Cano*, 289 F.3d 1354, 1365 (11th Cir. 2002) (quoting *United States v. Castro*, 89 F.3d 1443, 1457 (11th Cir. 1996) (other citation omitted)). Defendant fails to make either showing.

The Government advises the Court Mr. Larsen does not intend to offer any explicit assurances about any witness's veracity, nor will he attempt to impart any information not otherwise presented to the jury through competent evidence. (*See* Resp. 5). The undersigned has no reason to doubt the Government's assurances that Mr. Larsen will not engage in improper vouching. *See United States v. Salom*, 349 F. App'x 409, 414 (11th Cir. 2009) (holding prosecutor did not engage in improper vouching because he "did not express a personal belief that [the detective] was telling the truth, nor did he suggest there was evidence not presented to the jury that supported [the detective's] testimony." (alterations added)).

Finally, as to Defendant's request to depose Mr. Larsen, the Court notes only "exceptional circumstances," allow "that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a). First, the Rule does not apply here because it

merely speaks to the preservation of testimony for use at trial; it is not an independent method for a defendant to engage in pretrial discovery. *See United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994) (citation omitted). Second, and in any event, no exceptional circumstances exist necessitating Mr. Larsen's testimony be preserved for use at trial. *See United States v. Ramos*, 45 F.3d 1519, 1522 (11th Cir. 1995).

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Mangala Ramamurthy's Motion to Disqualify or, Alternatively, Depose AUSA Kevin Larsen **[ECF No. 72]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of February, 2019.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc:    counsel of record