**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case Number 18-20710-CR-ALTONAGA/GOODMAN(s)**

**UNITED STATES OF AMERICA,**

**vs.**

**MANGALA RAMAMURTHY,**

      **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL OF MAGISTRATE**
**JUDGE'S ORDER ON DISCOVERY DISPUTE OVER INTERVIEW NOTES**

The United States of America, by and through the undersigned Assistant United

States Attorney, hereby respectfully submits its response in opposition to Defendant's Appeal of

Magistrate Judge's Order on Discovery Dispute over Interview Notes.  [ECF No.77].  In her original

motion, Defendant requested the rough notes of the prosecuting attorney, the paralegal, and the agent

who attended Defendant's voluntary proffer. The Magistrate Judge conducted a thorough analysis of

the facts (including an in camera review of the rough notes) and the law applicable to this dispute and

concluded that none of the notes requested by the Defendant are discoverable under Fed. R. Crim. P.

16.  The Defendant appeals the Magistrate Court's order and contends that the rough notes constitute

her oral statement under Rule 16(a)(1)(B)(ii), and that they are material to preparing her defense under

Rule 16(a)(1)(E). The Defendant is not entitled to the relief she seeks, however, as the plain language

of Rule 16(a)(2) restricts disclosure of attorney and agent internal documents under Rule 16(a)(1)(E),

and controlling law in the Eleventh Circuit and elsewhere holds that rough notes are not discoverable

when the government discloses a written report which accurately reflects the content of the underlying notes. As such, the government respectfully requests that the Order of the Magistrate Judge be affirmed.

## I.   FACTUAL BACKGROUND

The Magistrate Judge's Order [ECF No 75] contains a detailed synopsis of the procedural history leading to the Defendant's indictment, as well as those facts germane to the instant dispute over the Defendant's request for the interview notes.

## II.   LEGAL ARGUMENT

The Defendant argues that "the Magistrate Judge was wrong to find that Federal Rule of Criminal Procedure 16 does not require production of the notes requested." [ECF No. 77 at 2]. In support, Defendant relies on a smattering of district court cases from other circuits. In contrast, the Magistrate Judge's order correctly relied on decisions from this circuit denying defense requests for agent's interview notes of a defendant. As the Magistrate Judge discussed, *United States v. Jordan*, 316 F.3d 1215, 1227 (11th Cir. 2003), stands for the broad proposition that interview notes are not discoverable under Rule 16, although they may be discoverable under *Brady*, *Giglio* or *Jencks*. [ECF No. 75 at 7-9]. In *Jordan*, the court expressly identified as *not discoverable under Rule 16* a defense request for "all notes taken by each and every federal or state agent, investigator or employee during conversations, interviews, or investigations of this Defendant …" 316 F.3d at 1227. Several courts in this circuit, relied upon by the Magistrate Judge, have interpreted *Jordan* as "hold[ing] that interview notes were not discoverable under Rule 16." *United States v. Van Nguyen*, 456 F. Supp. 2d 1366, 1367 (N.D. Ga. 2006) (citing *Jordan*); *see also United States v. Cruz*, No. 1:07-cr-145, 2009 WL 10707513,

at *4 (N.D. Ga. May 7, 2009) (citing *Jordan* for the proposition that "the Eleventh Circuit has held that

interview notes are not discoverable under Rule 16"). These decisions, and the Magistrate Judge's order,

are consistent with circuit law elsewhere, especially where, as here, the agent's notes are consistent with

the final report that was disclosed to defense.[1] *See United States v. Brown*, 303 F.3d 582, 589-91 (5th

Cir. 2002) (in a false statements case "[t]he government satisfies its obligation under the Rule when it

discloses a 302 report that contains all the information contained in the interview notes."); *United States

v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997) (holding that a defendant "is not entitled to an agent's

notes if the agent's report contains all that was in the original notes."); *United States v. Coe*, 220 F.3d

573, 583 (7th Cir.2000) (government not required to disclose rough notes of defendant interview where

written report was adequate summation of handwritten notes, even where certain minor discrepancies

existed between the notes and the report).

Defendant also claims that she is entitled to disclosure of attorney, agent and paralegal notes

because they are "material to preparing the defense" under Rule 16(a)(1)(E). Notably, however, Rule

16(a)(2) prohibits from disclosure "any reports, memoranda or other internal government documents

made by an attorney for the government or other government agent in connection with investigating or

prosecuting the case," "except as permitted by Rule 16(a)(1)(A)-(D), (F) and (G)." The rule plainly

*excludes* subsection (E)—the subsection Defendant relies on here—from those other subsections which

are exempt from Rule 16(a)(2)'s general disclosure prohibition.  Indeed, Rule 16 was specifically

---

[1] As indicated in his order, the Magistrate Judge actually reviewed the notes for any material
inconsistencies. He found none. DE-75, p.10 ("there are no material inconsistencies between them
[the notes] and the report.").

amended in 2013 to exclude Rule 16(a)(1)(E) as a means to pierce the prohibition on disclosure of the type of internal government records defense seeks here. *See* Fed. R. Crim. P. 16, 2013 Amend. ("the amendment makes it clear that a defendant's pretrial access to books papers and documents under Rule 16(a)1)(E) remains subject to the limitations imposed by Rule 16(a)(2)."). Accordingly, Defendant cannot seek under Rule 16(a)(1)(E) what is expressly prohibited by Rule 16(a)(2). [2]

### III.    CONCLUSION

The Magistrate Judge's Order denying the Defendant's access to rough notes taken by the prosecutor and paralegal was legally correct and should be affirmed by this Court. The Court's *in camera* inspection determined that the case agent's typewritten report contained the same information as was in his rough notes. When such a report is disclosed to the defendant, the obligations under Rule 16 are satisfied. Discovery of internal documents such as rough notes are not discoverable under Rule

---

[2] The government is not arguing that Rule 16(a)(2) bars defense from obtaining reports that contain her statements under Rule 16(a)(1)(A)-(B). That is why the government already disclosed the summary of her statements contained in the agent's interview report. Rule 16(a)(2) does, however, restrict disclosure under Rule 16(a)(1)(E).

16(a)(2) and 16(a)(1)(E).  For all of the foregoing reasons, this Court should affirm the Magistrate

Judge's Order.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY


By: /s Kevin J. Larsen
    Kevin J. Larsen
    Assistant United States Attorney
    Court No. A5501050
    99 Northeast 4th Street, 4th Floor
    Miami, Florida 33132-2111
    Telephone: (305) 961-9356
    Fax: (305) 536-4699
    Email: kevin.larsen@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: <u>/s Kevin J. Larsen            </u>
    Kevin J. Larsen
    Assistant United States Attorney
    Court No. A5501050
    99 Northeast 4th Street, 4th Floor
    Miami, Florida 33132-2111
    Telephone: (305) 961-9356
    Fax: (305) 536-4699
    Email: kevin.larsen@usdoj.gov
