UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 18-20710-CR-ALTONAGA/GOODMAN(s)

UNITED STATES OF AMERICA,

vs.

MANGALA RAMAMURTHY,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING MOTION FOR BILL OF PARTICULARS [D.E. 86]**

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant Mangala Ramamurthy's Motion for Reconsideration of this Court's Order denying her Motion for Bill of Particulars [D.E. 86]. The Defendant's latest motion [D.E. 88] should be denied because it is nothing more than mere disagreement over this Court's previous Order. Her "second bite of the apple" fails to meet the standard for the granting of a motion for reconsideration by demonstrating a change in the law, the availability of new evidence or the need to correct clear error or manifest injustice.

      **I.**      **FACTUAL BACKGROUND**

      On February 5, 2019 the Defendant filed a Motion for Bill of Particulars [D.E. 70] requesting this Court direct the government to provide her with: (1) the precise date that the Defendant entered the conspiracy and how long her participation lasted; (2) the specific verbatim questions that form the basis of the false statement charges in counts 25, 26 & 27, and who asked the questions; (3) the specific verbatim answers that form the basis of the false statement charges in counts 25, 26 & 27; and (4) the ways in which the government alleges the specific

statement in counts 25, 26 & 27 to be false. D.E. 70 at 6. The government replied in opposition [D.E. 78], and on February 13, 2019, this Court issued its Order [D.E. 86] denying the relief requested by the Defendant.[1]

## II. LEGAL ARGUMENT

Having failed on her initial motion seeking a bill of particulars, the Defendant asks this Court to reconsider its prior decision because it "unfairly hamstrung the defense's preparation on these [false statement] counts [D.E. 88 at 1]." Specifically, Defendant argues that the Court erroneously "speculates" in its prior order as to whether the government actually knows the specific questions and answers posed to her at the October 19, 2018 debrief, or whether someone from the government who attended the debrief can "remember what was asked and what the answer was." *Id.* at 2. Defendant also urges reconsideration on the basis that ["t]he allegations in this indictment are not like any other false statement case we have seen [*Id.* at 3]." Defendant contends that this false statement case is unique from others because of: (1) a lack of a recording or transcript of the exact questions and answers; and (2) even in the absence of such a recording or transcript, most false statement cases stem from indictments that "allege[s] the exact question and answers at issue." *Id.* None of these arguments provide this Court with sufficient reason to revisit and reverse its prior ruling. As such, the instant motion should be denied.

"Reconsideration is an extraordinary remedy to be used sparingly." *Bituminous Casualty Corp. v. Smithers Construction, Inc.*, 2008 WL 11333707, *1 (S.D. Fla. March 25, 2008) (citing *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (quoting *Bautista v. Cruise Ships Catering and Serv. Int'l, N.V.*, 350 F. Supp.2d 987, 992 (S.D. Fla. 2004). To prevail on a motion for reconsideration the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* "Courts have distilled three major grounds justifying

---

[1] This Court granted the Defendant "a modest amount of relief" by requiring the government to specify no later than the first day of trial the date upon which it asserts the Defendant joined the conspiracy to enable the Defendant to challenge the admissibility of possible co-conspirator statement(s). D.E. 86 at 8.

2

reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* (citing *Cover. v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (citations omitted). "On a motion for reconsideration, a party cannot 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (citing *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "Mere disagreement with the Court's conclusions is not enough. *Id.*

The Defendant's motion fails to cite any change in the law originally relied upon by this Court in denying the request for a bill of particulars in the first instance. Nor does Defendant identify any newly available evidence that this Court did not previously consider. Finally, aside from voicing its *disagreement* with this Court's prior order, Defendant articulates no clear error or manifest injustice caused by the denial of her request for a bill of particulars by this Court.

While the Defendant attempts to paint the false statement charges as contained in the Superseding Indictment as "not like any other false statement case we have seen [D.E. 88 at 2]," the reality is that this false statement case is fairly unremarkable when compared to other recent false statement prosecutions in this district. *See, e.g., United States v. Freddy Rivera Aparicio,* Case No. 19-20045-CR- Altonaga/Goodman (alleging false statements made to a Department of State agent during an unrecorded interview); *United States v. Steve Dookie, a/k/a W.G.P.,* Case No. 18-60191-CR-Ungaro/Hunt (alleging false statements made to a federal immigration officer during an unrecorded interview); *United States v. Bryan Evan Singer,* Case No. 18-10012-CR-Moore/Simonton (alleging false statements made to a Homeland Security Investigations ("HSI") agent during unrecorded interview). None of these indictments contained the verbatim questions and answers Defendant argues is required in a false statement case. Each of the indictments, including the one in this case, contain the elements of the false statement statute and sufficiently apprise the defendant(s) of the purportedly false

3

statement(s). *See United States v. Sharpe,* 438 F.3d 1257, 1263 (11th Cir. 2006) (an indictment is sufficient if it contains the elements of the offense and sufficiently apprises the defendant of what he must be prepared to meet).

This Court correctly stated in its original Order that the Defendant cannot said to be *surprised* at statements that she personally participated in, and she will have ample opportunity to probe government witnesses on cross-examination at trial. D.E. 86 at 10. Because one of the primary purposes of a bill of particulars is to eliminate surprise, *see United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986), one should not be required when no reasonable chance of being surprised exists.

Finally, the Defendant seeks reconsideration of the Court's Order requiring the government to identify the date which it alleges her to have joined the conspiracy. D.E. 88 at 3-4. Defendant claims she cannot otherwise effectively identify and litigate the admissibility of certain text messages or litigate their admissibility. *Id.* While these arguments do not meet the standard for reconsideration, the motion should be denied for the additional reason that the Defendant is in possession of the text messages at issue and can identify for herself those relevant to her involvement in the conspiracy. Moreover, she can certainly raise issues of admissibility prior to trial with the district court judge presiding over this case. As a part of *its* preparation for trial, the government continues to investigate this case, including interviewing potential witnesses who may have knowledge relevant to the Defendant's involvement in the charged scheme. To require the government to commit a month before trial to a precise date the Defendant joined the conspiracy (other than that already alleged in the Superseding Indictment), would unfairly and artificially limit the government's ability to continue investigating. In reality, such a move would "hamstring" the government. In sum, the Defendant provides this Court with no compelling reason to revisit its prior determination on this issue. Her motion should be denied.

### III.   CONCLUSION

This Court's prior Order denying Defendant's Motion for Bill of Particulars was correctly decided and based on a thorough review of both fact and law. Defendant disagrees with this Court's analysis, but fails to meet

the clear standard for granting of a motion seeking reconsideration. Because Defendant identifies no compelling reason that the Court should reverse itself, her motion should be denied.

                                      Respectfully submitted,

                                      ARIANA FAJARDO ORSHAN
                                      UNITED STATES ATTORNEY

                            By: /s Kevin J. Larsen
                                Kevin J. Larsen
                                Assistant United States Attorney
                                Court No. A5501050
                                99 Northeast 4th Street, 4th Floor
                                Miami, Florida 33132-2111
                                Telephone: (305) 961-9356
                                Fax: (305) 536-4699
                                Email: kevin.larsen@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      By: /s Kevin J. Larsen
                                            Kevin J. Larsen
                                            Assistant United States Attorney
                                            Court No. A5501050
                                            99 Northeast 4th Street, 4th Floor
                                            Miami, Florida 33132-2111
                                            Telephone: (305) 961-9356
                                            Fax: (305) 536-4699
                                            Email: kevin.larsen@usdoj.gov