UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20710-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SENTHIL RAMAMURTHY,

        Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION TO MODIFY HIS CONDITIONS OF RELEASE

Defendant, SENTHIL RAMAMURTHY, moves the Court pursuant to 18 U.S.C. § 3142(3) to modify the conditions of his release, as follows:

1.      On August 30, 2018, a nineteen-count indictment was filed under seal in this District charging Mr. Ramamurthy with one count of Conspiracy to Commit Health Care Fraud and Wire Fraud; four counts of Health Care Fraud; one count of Conspiracy to Pay and Receive Health Care Kickbacks; five counts of Receipt of Kickbacks in Connection with a Federal Health Care Program; and eight counts of Payment of Kickbacks in Connection with a Federal Health Care Program.  Dkt. 3.

2.      Mr. Ramamurthy was arrested on September 11, 2018, at his home in McAllen, Texas.  On September 20, 2018, he appeared for an initial appearance, and United States Magistrate Judge Lauren Fleischer Louis released Mr. Ramamurthy pursuant to conditions of release.  Dkt. 7.

3.      On September 27, 2018, Mr. Ramamurthy was arraigned and released on a secured bond in the amount of $250,000.00, subject to a multitude of special conditions.

Dkt. 13, 14, 15.  A superseding indictment was filed on December 13, 2018, charging Mr. Ramamurthy with one count of Conspiracy to Commit Health Care Fraud and Wire Fraud; nine counts of Health Care Fraud; one count of Conspiracy to Pay and Receive Health Care Kickbacks; five counts of Receipt of Kickbacks in Connection with a Federal Health Care Program; and eight counts of Payment of Kickbacks in Connection with a Federal Health Care Program.  Dkt. 32.  The trial term is set for May 28, 2019.  Dkt. 87.

4.     Mr. Ramamurthy's special conditions of release required him to surrender all passports and travel documents, report to Pretrial Services as directed, submit to substance abuse testing, refrain from excessive use of alcohol or narcotics without a prescription, participate in outpatient substance abuse therapy, and avoid employment in the healthcare field.  Dkt. 14.  Mr. Ramamurthy seeks only to change the condition of his release requiring home detention enforced through a GPS ankle monitor.

## Memorandum of Law

5.     The Bail Reform Act allows courts to release a defendant on bail if conditions can be set to assure the safety of the community and that the defendant attend required appearances in court.  *See* 18 U.S.C. § 3142(c); *Rodriguez v. Lamar*, 60 F.3d 745, 748 (11th Cir. 1995) (citing *Reno v. Koray*, 515 U.S. 50, 57 (1995)).  The court may impose only the "least restrictive" conditions that can reasonably assure the defendant's appearances and the community's safety, 18 U.S.C. § 3142(c)(1)(B), and may modify the conditions of release at any time, 18 U.S.C. § 3412(3).  In determining the appropriate conditions of release, the Court must consider various factors, including: the nature and circumstances of the offense charged, including whether the charged offense was violent; the weight of the evidence against the defendant; the history and characteristics of the

defendant, including the defendant's family ties and criminal history; and the danger posed to any person or the community by the defendant's release. *Id.* § 3412(g).

6.      Here, the relevant factors weigh against continuing Mr. Ramamurthy's home detention with GPS monitoring because it is not the least restrictive means of ensuring his appearance and the community's safety.   Mr. Ramamurthy lives with his closely knit family. He is neither charged with a crime of violence nor does he have any history of violence or any prior criminal history. Mr. Ramamurthy has appeared at all required court appearances since retaining counsel, and neither the probation officer nor the prosecutor opposes the requested relief.

7.      Moreover, Mr. Ramamurthy's family medicine physician, Ruben Aleman, MD, has recommended physical therapy and weight loss to combat Mr. Ramamurthy's diabetes and chronic lower back pain, which can be facilitated by removing the ankle monitor to permit Mr. Ramamurthy to exercise adequately.   *See* Exhibit 1.   Mr. Ramamurthy's orthopedic spine surgeon, Jonathan R. Gottlieb, MD, has referred Mr. Ramamurthy to physical therapy to treat his lumbar disc degeneration. *See* Exhibit 2.   Mr. Ramamurthy also hopes to further his education by attending in-person real estate classes at South Texas Community College, which is rendered far more difficult if he is subject to home detention. *See* Exhibit 3.

8.      Finally, as noted, the parties have conferred, and the Government does not oppose Mr. Ramamurthy's requested relief so long as Mr. Ramamurthy submits to a curfew from 9:00 p.m. to 6:00 a.m.   Mr. Ramamurthy does not oppose imposition of the stated curfew.

WHEREFORE, the Defendant respectfully moves to modify the conditions of his release to eliminate the condition that he be detained at home with a GPS ankle monitor.

<u>S.D. Fla. Local Rule 7.1(a)(3) Certification</u>

Counsel for the Defendant certifies that after having conferred with the Government, neither AUSA Larsen nor Probation Officer Soto opposes Mr. Ramamurthy's requested relief so long as Mr. Ramamurthy submits to a curfew from 9:00 p.m. to 6:00 a.m.  Mr. Ramamurthy does not oppose imposition of the stated curfew.

Dated:  March 8, 2019                    Respectfully submitted,

/s/ Jack E. Fernandez
Jack E Fernandez
Fla. Bar No. 843751
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel:  (813) 221-1010
Fax:  (813) 223-7961
jfernandez@zuckerman.com

/s/ Daniella R. Sterns
Daniella R. Sterns
Fla. Bar No. 124528
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel:  (813) 221-1010
Fax:  (813) 223-7961
dsterns@zuckerman.com

/s/ Gregg L. Bernstein
Gregg L. Bernstein
*Pro hac vice*
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
Tel:  (410) 332-0444
Fax:  (410) 659-0436
gbernstein@zuckerman.com

*Attorneys for Defendant*
*Senthil Ramamurthy*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 8th day of March, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The Clerk of Court will serve a notice of electronic filing on all counsel of record.

/s/ Jack E. Fernandez