UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20710-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SENTHIL RAMAMURTHY,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR LEAVE TO FILE RULE 17(c) MOTION *EX PARTE*

The Defendant, SENTHIL RAMAMURTHY, moves the Court, pursuant to Federal Rule of Criminal Procedure 17(c) and Southern District of Florida Local Rule 5.4(d), for leave to file an *ex parte* motion to issue Rule 17(c) subpoenas on third parties.

### Memorandum of Law

On August 30, 2018, the grand jury returned a nineteen-count indictment, charging Mr. Ramamurthy with one count of Conspiracy to Commit Health Care Fraud and Wire Fraud; four counts of Health Care Fraud; one count of Conspiracy to Pay and Receive Health Care Kickbacks; five counts of Receipt of Kickbacks in Connection with a Federal Health Care Program; and eight counts of Payment of Kickbacks in Connection with a Federal Health Care Program.  Dkt. 3.  A Superseding Indictment was returned on December 13, 2018, adding an additional defendant, Mangala Ramamurthy, M.D., Mr. Ramamurthy's mother, adding counts against her of False Statements, and adding an additional five counts of Health Care Fraud.  Dkt. 32.  Trial is scheduled for the term beginning May 28, 2019.  Dkt. 87.

In this motion, Mr. Ramamurthy seeks leave from the Court to file an *ex parte* motion under Rule 17(c), which will request that the Court authorize the issuance of subpoenas to various third parties and direct the recipients of the subpoenas to produce the requested documents prior to the trial date. *See* Fed. R. Crim. P. 17(c); *U.S. v. Nixon*, 418 U.S. 683, 700 (1974). The Government does not oppose Mr. Ramamurthy's request.

Rule 17(c) permits parties to serve subpoenas *duces tecum* in federal criminal proceedings, and the Rule also gives the Court the authority to direct a witness to produce the designated items prior to trial. Fed. R. Crim. P. 17(c). The purpose of Rule 17(c) is to aid in "obtaining relevant and evidentiary materials which the moving party plans to use at trial." *U.S. v. Noriega*, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). A party seeking production of documents under Rule 17(c) must satisfy the *Nixon* test by demonstrating the documents sought are (1) relevant; (2) admissible; and (3) specific. *U.S. v. Sandoval*, No. 10-20243-CR, 2010 WL 2757188, at *1 (S.D. Fla. July 13, 2010) (Altonaga, J.) (citing *Nixon*, 418 U.S. at 700). Further, the moving party must seek the documents in good faith, not intending to embark on a fishing expedition. *Id.* (citing *Nixon*, 418 U.S. at 700).

In his *ex parte* motion, Mr. Ramamurthy will ask that the Court direct the subpoenaed witnesses to produce the documents requested on or before April 28, 2019. Mr. Ramamurthy must justify early production of the documents sought in the Rule 17(c) subpoenas by satisfying the *Nixon* test; *i.e.*, Mr. Ramamurthy will need to explain the relevance and specificity of the documents sought and why they are necessary to his defense at trial. Accordingly, Mr. Ramamurthy seeks leave to file the Rule 17(c) motion *ex parte* to avoid divulging his theory of defense to the Government. *Cf. U.S. v. Meinster*, 478 F. Supp. 1131, 1132-33 (S.D. Fla. 1979) (implicitly recognizing divulgence of the

2

theory of defense to the Government could result in a violation of the Sixth Amendment right to effective assistance of counsel if the criminal defendant is thereby prejudiced).

Courts in this district have acknowledged the appropriateness of filing Rule 17(c) motions *ex parte*, noting that, "a court needs no assistance [from the opposing party] in applying the *Nixon* standard." *See, e.g., U.S. v. Thompson*, 310 F.R.D. 542, 544-45 (S.D. Fla. 2015) (collecting cases permitting *ex parte* applications for Rule 17(c) subpoenas or acknowledging that the court's decision on Rule 17(c) motions need not be subject to an adversarial process).

The Government does not oppose Mr. Ramamurthy's request to file his Rule 17(c) motion *ex parte*, but it intends to submit briefing relevant to the Court's resolution of the issue.

## Conclusion

For the foregoing reasons, the Court should grant Mr. Ramamurthy's Motion for Leave to File a Rule 17(c) Motion *Ex Parte*.

## S.D. Fla. Local Rule 7.1(a)(3) Certification

Counsel for Mr. Ramamurthy certifies that after having conferred, the Government does not oppose Mr. Ramamurthy filing an *ex parte* motion to serve Rule 17(c) subpoenas on third parties. The Government requested, however, that counsel for Mr. Ramamurthy state in this certification that the Government intends to submit separate briefing regarding: (1) the Government's access to any documents produced under Rule 17(c), and (2) the *Nixon* factors.

Dated: March 18, 2019                Respectfully submitted,

/s/ Jack E. Fernandez
Jack E Fernandez
Fla. Bar No. 843751

3

Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
jfernandez@zuckerman.com

/s/ Gregg L. Bernstein
Gregg L. Bernstein
*Pro hac vice*
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
gbernstein@zuckerman.com

/s/ Daniella R. Sterns
Daniella R. Sterns
Fla. Bar No. 124528
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
dsterns@zuckerman.com

*Attorneys for Defendant
Senthil Ramamurthy*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 18th day of March, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The Clerk of Court will serve a notice of electronic filing on all counsel of record.

/s/ Jack E. Fernandez