UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20710-ALTONAGA/GOODMAN(s)

UNITED STATES OF AMERICA

vs.

SENTHIL RAMAMURTHY,

                Defendant.
_____/

## RESPONSE TO DEFENDANT'S MOTION TO ISSUE RULE 17(c) SUBPOENAS

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to defendant Senthil Ramamurthy's ("Defendant['s]") Sealed Motion to Issue Rule 17(c) Subpoenas. [ECF No. 103]. As the Court correctly stated in its two orders regarding the Defendant's motion [ECF Nos. 108, 109], the United Sates does not know the the identities of the proposed recipients of the subpoenas nor does it know the Defendant's proffered reasons to justify the purported need for the subpoenas. That said, the United States would offer the following general legal principles to help guide the Court's consideration of the Defendant's motion.

## GENERAL LEGAL PRINCIPLES

### A. The Court Must Determine the Defendant Has Met His Burden Under *Nixon*

While the United States did not object to the Defendant's purported need to request *ex parte* Rule 17(c) subpoenas, the Court's role in closely scrutinizing the true necessity of those subpoenas still remains. More specifically, the Court shall closely scrutinize whether the Defendant clears the three prerequisites of showing that the requested documents are: (1) relevant to his defense; (2) admissible at trial; and (3) specifically identified. *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also United Bowman Dairy Co. v. United States*, 341 U.S. 214, 221

(1951) (noting how "[t]he burden is on the court to see that the subpoena is good in its entirety and it is not upon the [subpoenaed party] to cull the good from the bad."); *see also United States v. Modi*, No. 1L01CR00050, 2002 WL 188327 at \*2 (W.D. Va. Feb. 6, 2002) ("Regardless of whether the government objects, the court is required to examine the subpoenas for compliance with the test set forth in *Nixon*.").

This is particularly true when it is well settled that "Rule 17(c) . . . is not a discovery device." *United States v. Noriega*, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991) (internal citations omitted). Rather, "it is merely an aid for obtaining relevant and evidentiary materials" while enforcement of the Rule's purpose "depends on whether the subpoena reflects a genuine effort to obtain identifiable and relevant evidence or instead constitutes a broad 'fishing expedition' which seeks to use the Rule as a means for obtaining additional discovery." *Id.* at 1492-93. Finally, in evaluating whether the subpoena reflects such a "genuine effort," the Court must also evaluate the subpoena's specificity. "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *Noriega*, 764 Supp. at 1493.

Here, because the United States has insufficient information to make such determinations, the United States merely requests that the Court exercise its gatekeeping function and ensure the Defendant has properly met his burden under *Nixon*. However, should the Court have any potential misgivings about whether the Defendant has met his high burden, the United States adopts the Court's tacit suggestion that the Court can order the documents be produced to the Court rather than to defense counsel. [ECF No. 108] (questioning "whether the documents should be produced to defense counsel (as opposed to the Court itself)"). Such a procedure is clearly permitted by the rule and would allow the Court to more accurately evaluate the relevancy and admissibility of such

2

evidence.

### B. If the Defendant Meets the *Nixon* Burden, the Court Must Determine When the Documents Need to Be Produced

For pretrial production of documents, the Defendant must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699 (1974). While the United States cannot appropriately opine on these factors due to the unique nature of the *ex parte* motion, the United States trusts that the Court will properly evaluate these factors and ensure that any order requiring pretrial production of such documents will meet these standards.

### C. If and When the Defendant Receives the Documents, so Should the United States

At a minimum, should the Court produce the documents (or order them to be produced) to the Defendant, the Court should also order than any responsive materials be produced to the United States. Such an order would be consistent with both the plain language of Rule 17(c) and the case law that squarely addresses this issue. For example, it is undisputed that the plain language of Rule 17(c) vests the Court with discretion to order that document produced pursuant to a Rule 17(c) subpoena be produced to both parties. *See* Rule 17(c)(1). In fact, numerous courts, when exercising this discretion, have ordered the production of Rule 17(c) materials to both parties. *See, e.g., United States v. Shelley*, Case No. CR-16-237-D, 2017 WL 3470940 at *4 (W.D. Okl. Aug, 11, 2017); *United States v. Litos*, 2:12-cr-175, 2014 WL 806022 at *5 (N.D. Ind. Feb. 24, 2014) ("It is the majority view of the courts that the structure of Rule 17 requires the court to allow both parties to view the documents returned under the subpoena.") (collecting cases); *United States v.*

3

*Vigil*, No. CR-10-2310, 2013 WL 3270995 at *22 (D.N.M. June 3, 2013); *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011); *United States v. Jenkins*, 895 F. Supp. 1389, 1394 (D. Haw. 1995) (finding the magistrate erred in "failing to permit both the Government and the Defendant to examine" the Rule 17(c) materials because "Rule 17(c) makes no provision for allowing only one party access to the documents"); *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) (noting how the plain language of Rule 17(c) "negates any assumption" that materials should be returned ex parte).

Although the United States is aware of no binding Eleventh Circuit authority directly on point, at least one magistrate judge within this Circuit has squarely addressed this issue and ordered production to both parties. *See United States v. Langford*, Case No. 2:08-cr-245-LSC-PWG, 2009 WL 10672813 at *2-4 (N.D. Ala. Sept. 29, 2009) (Putman, J.) (explaining that Rule 17 "does not anticipate that either party can seek secret production of evidentiary documents.").

The parties should be on equal footing if the Defendant's Rule 17(c) subpoenas are granted and will unearth admissible evidence regarding the charged offenses. *See United States v. Nelson*, Crim. No. 15-2023, 2015 WL 9943540 at *2 (D.N.M. Dec. 4, 2015) (explaining how "it does not follow that the defendant is entitled to strategic advance or tactical surprise" through Rule 17(c) materials) (citations omitted); *United States v. Hankton*, Crim. Action No. 12-1, 2014 WL 688963 at *2 (E.D. La. Feb. 21, 2014) (rejecting the "improper[] request that the subpoenaed documents be produced ex parte").

In further support of allowing the Government to receive the responsive documents, the Government recognizes that in filing his *ex parte* motion, the Defendant is inherently arguing to the Court that the documents are relevant to his defense and admissible at trial. It thus naturally follows that the Defendant acknowledges that the responsive documents triggers his independent

4

disclosure requirements pursuant to Local Rule 88.10(o)(4) ("It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Local Rule.") and Federal Rule of Criminal Procedure 16(b)(1)(A). This is particularly true when Rule 17(c) prohibits "fishing expeditions" and should only be utilized for relevant and admissible documents. Furthermore, these equitable principles are especially acute in this case where the United States has already produced thousands of pages of discovery to the Defendants and has made every effort to ensure materials in its possession are produced to the Defendants well in advance of trial.

## **CONCLUSION**

For the reasons set forth above, the Court should ensure that the Defendant's proposed subpoena adequately meets the standards set forth in *United States v. Nixon*, 418, U.S. 683 (1974) and that any and all responsive documents produced shall also be made available to the United States.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   */s/ Jonathan D. Stratton*
JONATHAN D. STRATTON
Assistant United States Attorney
Fla. Bar Number: 93075
99 NE 4th Street, 6th Floor
Miami, FL 33132
Tel: (305) 961-9151
Email: jonathan.stratton@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

s/ *Jonathan D. Stratton*
JONATHAN D. STRATTON
Assistant United States Attorney