UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20710-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SENTHIL RAMAMURTHY,

      Defendant.
_____/

### DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S *EX PARTE* MOTION TO ISSUE RULE 17(c) SUBPOENAS

The Defendant, SENTHIL RAMAMURTHY, by his undersigned attorneys, replies to the government's response to Mr. Ramamurthy's *Ex Parte* Motion to Issue Rule 17(c) Subpoenas. Mr. Ramamurthy's confidential arguments were fully addressed in his *ex parte* motion, and no further *ex parte* filing is necessary. In this Reply, Mr. Ramamurthy addresses the points raised by the government in its filing.

The parties agree on the relevant factors for the Court to consider in deciding Mr. Ramamurthy's motion, except that Mr. Ramamurthy would note none of the cases either party cited supports the government's position that a defendant bears a "high burden," Dkt. 111 at 2, in convincing a court to issue Rule 17(c) subpoenas. Mr. Ramamurthy's *ex parte* motion fully addresses why the proposed subpoenas meet each of the *Nixon* factors both parties identified. Further, the government does not appear to oppose early production of the documents sought. *See* Dkt. 111 at 3.

Regarding the government's request to receive copies of all documents produced, the government correctly notes Rule 17(c) vests the courts with discretion to make that determination, and courts choose how to exercise this discretion on a case-by-case basis. *See* Fed. R. Crim. P. 17(c)(1); *see also United States v. Tomison*, 969 F. Supp. 587, 591 (E.D. Cal. 1997) ("Since the Rule itself contemplates that the court 'may' permit inspection by the parties of documents produced before trial, it follows that the Rule empowers the court to deny an adverse party the opportunity to inspect the documents."); *United States v. Reyes*, 162 F.R.D. 468, (S.D.N.Y. 1995) (noting the court exercises its discretion to determine whether Rule 17(c) material should be disclosed to the adverse party on a case-by-case basis).

Here, although the subpoenas seek relevant, admissible, and specific documents, *see United States v. Nixon*, 418 U.S. 683, 700 (1974), the defendant will need to review the material to determine which particular documents he will use in his case-in-chief. Courts in this district have recognized that a party seeking documents under Rule 17(c) may need time to review those documents before trial to organize the overall trial presentation. *See, e.g.*, *United States v. Bachynsky*, No. 04-20250, 2007 WL 1521499, at *2 (S.D. Fla. May 22, 2007). Certainly the moving party may choose not to introduce every document received under its Rule 17(c) subpoenas.

Finally, Mr. Ramamurthy agrees with the government that parties should be on equal footing with respect to discovery. To that end, Mr. Ramamurthy proposes to produce any subpoenaed documents he intends to use in his case-in-chief pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and Southern

District of Florida Local Rule 88.10(o)(4). This places Mr. Ramamurthy on equal footing with the government, which must produce only information material to the defense or intended for use in its case-in-chief. *See* Rule 16(a)(1)(E). Permitting the government to receive *all* of the documents produced in response to the subpoenas, irrespective of whether Mr. Ramamurthy intends to use them at trial, would place Mr. Ramamurthy on *unequal* footing with respect to discovery because it would permit the government to "reverse engineer" the subpoenas and gain insight into Mr. Ramamurthy's trial strategy. As one court recently explained:

> Because a defendant's trial strategy may be easily inferred from the subpoenaed documents, the Court recognizes the real possibility that permitting the Government to discover all of the information a defendant has obtained through a Rule 17(c) subpoena or court order could create an unenviable choice between the defendant preserving his theory of the case and issuing no subpoenas duces tecum or disclosing his whole case to the Government before trial.

*United States v. Mills*, No. 16-cr-20460, 2019 WL 76869, at *7 (E.D. Mich. Jan. 2, 2019) (denying government's request for defendants to produce all documents received under Rule 17(c) subpoenas or court orders).

For these reasons, and as stated in his *ex parte* motion, Mr. Ramamurthy requests that the Court grant his *Ex Parte* Motion to Issue Rule 17(c) Subpoenas and direct that the subpoenaed documents be produced to the defendant by April 26, 2019.

Dated:  April 4, 2019          Respectfully submitted,

/s/ Jack E. Fernandez
Jack E. Fernandez
Fla. Bar No. 843751
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200

3

Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
jfernandez@zuckerman.com

/s/ Gregg L. Bernstein
Gregg L. Bernstein
*Pro hac vice*
Zuckerman Spaeder LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
gbernstein@zuckerman.com

/s/ Daniella R. Sterns
Daniella R. Sterns
Fla. Bar No. 124528
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
dsterns@zuckerman.com

*Attorneys for Defendant
Senthil Ramamurthy*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 4th day of April, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The Clerk of Court will serve a notice of electronic filing on all counsel of record.

/s/ Jack E. Fernandez