```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                     CASE NO. 18-cr-20710-CMA


   UNITED STATES OF AMERICA,        Miami, Florida

           Plaintiff,               April 3, 2019

      vs.                           4:34 p.m. to 4:45 p.m.

   SENTHIL RAMAMURTHY and           Courtroom 12-2
   MANGALA RAMAMURTHY,
                                    (Pages 1 to 13)
           Defendant.
   _____

                        STATUS CONFERENCE
            BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                  UNITED STATES DISTRICT JUDGE

   APPEARANCES:

    FOR THE GOVERNMENT:    KEVIN J. LARSEN, ESQ.
                           JONATHAN D. STRATTON, ESQ.
                           Assistant United States Attorney
                           99 Northeast Fourth Street
                           Miami, FL 33132
                           (305) 961-9001
                           (305) 961-9151
                           kevin.larsen@usdoj.gov
                           jonathan.stratton@usdoj.gov

    FOR THE DEFENDANT      JACK E. FERNANDEZ, JR., ESQ.
    S. RAMAMURTHY:         DANIELLA R. STERNS, ESQ.
                           Zuckerman Spaeder Taylor & Evans
                           101 E Kennedy Boulevard, Suite 1200
                           Tampa, Fl  33602
                           (813) 222-8990
                           jfernandez@zuckerman.com
                           dsterns@zuckerman.com

    FOR THE DEFENDANT      DAVID O. MARKUS, ESQ.
    M. RAMAMURTHY:         A. MARGOT MOSS, ESQ.
                           Marcus/Moss PLLC
                           40 Northwest Third Street, PH 1
                           Miami, FL 33128
                           (305) 379-6667
                           dmarkus@markuslaw.com
```

```
 1                              mmoss@markuslaw.com

 2

 3    REPORTED BY:              STEPHANIE A. McCARN, RPR
                                Official Court Reporter
 4                              400 North Miami Avenue
                                Twelfth Floor
 5                              Miami, Florida 33128
                                (305) 523-5518
 6                              Stephanie_McCarn@flsd.uscourts.gov
```

**I N D E X**

**WITNESSES**

<u>**WITNESSES FOR THE GOVERNMENT:**</u>                                    <u>**Page**</u>
                                                                    --

<u>**WITNESSES FOR THE DEFENDANT:**</u>                                     <u>**Page**</u>
                                                                    --

| <u>**EXHIBITS IN EVIDENCE**</u> | **PRE** | **MARKED** | **ADMITTED** |
|---|---|---|---|
| **Government's Exhibit No.** | -- | -- | -- |
| **Defendant's Exhibit No.** | -- | -- | -- |

**MISCELLANEOUS**

                                                                    <u>**Page**</u>
Proceedings...........................................      4
Court Reporter's Certificate......................     13

1          (The following proceedings were held at 4:34 p.m.)

2          THE COURT:  United States and Senthil Ramamurthy and

3  Mangala Ramamurthy.

4          Please state your appearances for the Government.

5          MR. LARSEN:  Good afternoon, Your Honor.  Kevin Larsen

6  on behalf of the United States, and Jonathan Stratton as well.

7          THE COURT:  Good afternoon.

8          And for Defense.

9          MR. FERNANDEZ:  Your Honor, I'm Jack Fernandez on

10 behalf of Senthil Ramamurthy.  And I'd like to introduce the

11 Court to Daniella Sterns.  She just joined our firm.  She is

12 going to do a 11th Circuit clerkship with Judge Wilson in

13 September, so.

14         THE COURT:  Welcome.  Thank you.

15         MR. MARKUS:  Good afternoon, Your Honor.  David Markus

16 and Margot Moss for Dr. Mangala Ramamurthy.

17         MS. MOSS:  Good afternoon.

18         THE COURT:  Good afternoon.

19         And I thank you all for coming in earlier than we

20 thought.

21         Let me hear of the status from the Government.  I know

22 I've been seeing the motion practice, and it has been handled

23 mostly in front of the magistrate judge, so I would hear from

24 the Government where we are.

25         MR. LARSEN:  Of course, Your Honor.  The first issue

1  of paramount importance is there had been some additional
2  discovery that the Government was unaware of produced last
3  month from a party that we had subpoenaed back in October -- or
4  it's actually July of last year.  The part -- it's been very
5  complicated.  I have been engaged with cocounsel -- or with
6  counsel for the Defendants on this issue, but it was the -- it
7  was the party that produced the single largest chunk of
8  documents to the Government, which we turned over to each of
9  the Defendants.  We made a production to Mr. Ramamurthy's
10 counsel in October and then to Dr. Ramamurthy's counsel in
11 January.
12          As we were reviewing the evidence that was produced by
13 this -- this company through their corporate counsel, it became
14 evident in conversations with Mr. Ramamurthy's counsel as
15 evidenced -- as we looked through the documents, that there
16 were substantial problems with the production.
17          So in the process of engaging the company on remedying
18 the problems with the production, they eventually produced --
19 reproduced the documents to us.  And in reproducing them, they
20 later conceded error and turned over an additional 7 gigs of
21 documents to the Government that the Government had never had
22 before which we have now -- we have turned over to each of the
23 Defendants.
24          THE COURT:  So I take it the additional gigs contain
25 also the original production --

1           MR. LARSON:  Right.

2           THE COURT:  -- forcing all of the parties to go

3  through and see what it is they had, they saw --

4           MR. LARSEN:  Correct.

5           THE COURT:  -- what's new which makes the review and

6  the preparation that much more time-consuming.

7           MR. LARSEN:  It is very difficult, Your Honor, because

8  the initial production, the way I can describe it is as if --

9  when that document production was made, it was as if the folks

10 that put it together, they PDF'd every single page.  It was

11 29,000 pages, Your Honor.  They then tripped on a log, threw

12 the box in the air, and the documents scattered everywhere, and

13 they put them back in the box.

14          So that was what caused us to realize that there was

15 an issue with the production, which we were intending to

16 correct, not only for the Government's sake, but for each of

17 the Defendants' counsel.

18          And in doing that, we realized -- or the corporate

19 counsel for this company -- and I should let the Court know.

20 The corporate counsel for this company was owned and run by

21 business associates of Mr. Ramamurthy, and we are in

22 negotiations and discussions with them about how to resolve

23 their liability in this case.  So that's a second issue.

24          But on March 19th, we learned of the mistake that they

25 made, that there were -- there are something like 84,000 pages

```
 1  now of documents where there were 29,000 pages before that.
 2  Within three days, the counsel for that corporation withdrew
 3  from the case.  I personally have tried to get to the bottom of
 4  it by bringing a custodian of records in to explain what is
 5  going on with this company.  And I don't have a custodian
 6  identified, and I don't have 90211s.
 7          That being said, I do have what I believe is a
 8  substantial production from this company.  It has been
 9  processed.  It is now load ready, and we have produced that to
10  the Defense.  They can use any platform.
11          The problem is the Bates ranges that we were
12  originally using, there is a new Bates range, so it is a
13  challenge to go back.  And I spent months looking at these
14  documents and identifying what I thought were key documents,
15  and now I have to go in and physically search for those
16  documents again.  And there is the issue of 20- or 30,000 pages
17  of documents that nobody here in this room has yet had a chance
18  to see.
19          And so in speaking with counsel, I believe most of
20  those documents do -- are relevant to the allegations against
21  Mr. Ramamurthy.  Mr. Markus has informed me that they feel
22  comfortable moving forward.
23          However, I do want to inform the Court that in part of
24  our investigation -- as part of our investigation, we have been
25  continuing to investigate, and we have uncovered additional
```

1  evidence of fraud that is relevant to Dr. Ramamurthy's
2  involvement and Mr. Ramamurthy's involvement, and we are
3  intending to go to the grand jury shortly within the next -- a
4  matter of a couple weeks to ask for a superseding indictment.
5  　　　　　So there is a lot to report, Your Honor.
6  　　　　　THE COURT:  There is indeed, more than I expected.
7  Thank you.
8  　　　　　Mr. Markus?
9  　　　　　Or Mr. Fernandez?
10 　　　　　I'm not sure which one.
11 　　　　　MR. MARKUS:  It's okay.
12 　　　　　THE COURT:  We are sort of going down the line here.
13 　　　　　MR. MARKUS:  Sure.  So I literally heard about the
14 superseding as we were walking up here.  We were going to
15 announce we're still ready to go in June.  I guess we'll need
16 to see the superseding first to see whether that's possible or
17 not, so perhaps we should just set a status conference after
18 the superseding -- I don't even know what it relates to.  I
19 just heard there's going to be a superseding indictment.  So I
20 have no idea what those -- what the new allegations are and
21 whether we can be ready in June or not.
22 　　　　　So I don't know what to say other than that, Your
23 Honor.
24 　　　　　THE COURT:  Thank you.
25 　　　　　MR. FERNANDEZ:  Your Honor, Jack Fernandez for Senthil

Ramamurthy.

We're sort of similarly situated except that we were not trial ready in June, given the production. To give the Court some idea what it is, it's about 87,000 pages of documents as far as we can tell at this point, and it is fairly difficult to figure out what it is or how it is situated.

And to give -- to put that in context, I think we had something like 30,000 documents to date from October to the present. So a lot of that comprised of spreadsheets and the like, a lot of e-mails and that sort of thing. It is really difficult to tell the Court when we could be ready for trial. I think I can tell the Court with pretty good security that we can't be ready on June -- in June.

THE COURT: And to be clear, Mr. Larsen, is the Government's intention to also supersede as to Mr. Ramamurthy?

MR. LARSEN: Yes. Your Honor, there's two -- two areas where we are looking to supersede. One is to add potentially three or four additional defendants. We have been in discussions with counsel for these possible defendants. We have been trying to meet with these folks to see if this can be resolved short of the superseding indictment, so that's the one bucket.

The second would be to add additional conduct as to the existing Defendants additional fraud conduct that is highly relevant to the charged scheme that's currently before the

```
 1   Court.
 2              THE COURT:  Is it to add new counts as well?
 3              MR. LARSEN:  New counts, a second conspiracy and
 4   substantive counts, both kickbacks and fraud.
 5              THE COURT:  Okay.  What's your timetable for the
 6   superseding?
 7              MR. LARSEN:  Your Honor, I have finished the
 8   memorandum.  I would like the opportunity to meet hopefully
 9   next week.  I have a surgical procedure scheduled for Monday.
10   I don't think I am going to take a lot of time off for that.  I
11   also have my cocounsel.  But we are in discussions with counsel
12   for the individuals who would possibly supersede and they have
13   asked for an opportunity to meet with us and we are going to
14   give them that opportunity within the next one to two weeks.
15              With respect to the additional counts as to the
16   existing defense, I think we could be ready to supersede on
17   that within two/three weeks, and that's our plan, Your Honor.
18              THE COURT:  Are the parties available for another
19   status conference on Tuesday April 30 giving the Government and
20   the Defendants this month to sort out whether there will be a
21   superseding, what it consists of, whether there are new
22   defendants, are they part of this case, and for mostly, I
23   suppose, Mr. Fernandez and his cocounsel to go through the
24   additional documents and get a sense of what this new document
25   production means for trial preparation?
```

1              Does that sound feasible?
2              MR. LARSEN:  That's fine from the Government, Your
3    Honor.
4              MR. FERNANDEZ:  Your Honor, that works for -- on
5    behalf of Senthil Ramamurthy, that works.  I do have a personal
6    request to make to the Court on that issue, if I may, but it
7    can wait until a little bit later.
8              THE COURT:  All right.  Do you want the date or do
9    you --
10             MR. FERNANDEZ:  I do want the date.
11             THE COURT:  Okay.
12             MR. FERNANDEZ:  My request to the Court, and it is
13   strictly based on the Court's convenience, is if the Court sets
14   the status conference, it's helpful to us if it's afternoon.
15             THE COURT:  All right.
16             MR. FERNANDEZ:  Just to avoid having to stay over
17   night.  Not that we don't love Miami.
18             THE COURT:  All right.  So how is 1 o'clock?
19             MR. FERNANDEZ:  Perfect.
20             THE COURT:  For everybody?
21             MR. LARSEN:  That's fine, Your Honor.
22             THE COURT:  All right.
23             MR. MARKUS:  Your Honor, there was a motion deadline.
24   I assume we can take that off.
25             THE COURT:  You can take that off, indeed.  That's a

1  fair assumption.
2          MR. MARKUS:  Thank you.  I just want to make sure.
3          THE COURT:  All right.  Anything else?
4          MR. LARSEN:  Nothing from the Government, Your Honor.
5          MR. MARKUS:  Your Honor, there was one other thing.
6  We just got an expert notice yesterday from the Government.  I
7  have been speaking to Mr. Stratton who made the disclosure, and
8  the disclosure is basically, We have these experts.  They may
9  talk about these general topics.
10         We've said, We need to know more than that.
11         Could we set up -- set a timeline for getting the
12 expert opinions and reports and that stuff so that we can get
13 that on the schedule?  Could we set that for April 30th as
14 well?
15         THE COURT:  Let's have that on the agenda for the
16 30th.
17         MR. STRATTON:  For setting a time after April 30th?
18         THE COURT:  Correct.
19         MR. STRATTON:  Okay.  Perfect.
20         THE COURT:  All right.  Thank you very much.
21         MR. STRATTON:  Thank you, Your Honor.
22    (The proceedings concluded at 4:45 p.m.)

# C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

_04/25/19_         *Stephanie A. McCarn* (signature)
   DATE            STEPHANIE A. McCARN, RPR
                   Official United States Court Reporter
                   400 North Miami Avenue, Twelfth Floor
                   Miami, Florida 33128
                   (305) 523-5518