Sealed

FILED BY _____ D.C.

MAY 15 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                                              )
GRAND JURY INVESTIGATIONS WITHIN                    )
THE FGJ No. 17-03 DISTRICT OF FLORIDA               )          18-20710-CR-ALTONAGA(S)(S)
                                                    )                    Under Seal
_____             )

### MOTION TO AUTHORIZE THE DISCLOSURE OF GRAND JURY MATERIALS TO THE DEPARTMENT OF JUSTICE'S LITIGATION TECHNOLOGY SERVICE CENTER UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 6(e)(3)(A)(ii)

The United States Attorney, through the undersigned Assistant United States Attorney, respectfully requests this Court to enter a Standing Order (draft attached) authorizing the disclosure of certain materials pending before the grand jury to a secure Department of Justice (DOJ) litigation support facility for the purpose of facilitating such materials' use by the grand jury and this Office.

### BACKGROUND

In January 2008, DOJ's Executive Office for United States Attorneys (EOUSA) established a central litigation support facility, known as the Litigation Technology Service Center (LTSC), based in Columbia, South Carolina.  The purpose of the LTSC is to provide United States Attorneys' Offices with a secure, state-of-the-art facility offering a wide range of litigation technology support services for use in data/document-intensive prosecutions and other United States Attorney cases, matters, and investigations.

The LTSC was established as an in-house facility to provide all United States Attorneys' Offices with highly technical and specialized data/document processing and review capabilities. The LTSC's services include the scanning, coding, digitization, and optical character recognition (OCR'ing) of paper documents, as well as the processing, organization, and incorporation of a wide variety of electronically stored information (ESI) and associated metadata in computerized

document review platforms.  The LTSC was established by DOJ in response to the 2006 court

rule amendments regarding the discoverability, admissibility, and use of ESI in federal litigation.

The LTSC is government-owned facility that is operated – under DOJ supervision and

pursuant to a government contract containing all applicable security requirements required by the

Federal Acquisition Regulation (FAR) – by Deloitte Financial Advisory Services LLP,[1] a

litigation support vendor with extensive experience providing complex litigation technology

services to various Government agencies, including the Departments of Defense, Navy, Air

Force, Interior, and State, in addition to the Department of Justice.  All LTSC contract

employees are bound by a strict confidentiality agreement designed to maintain stringent privacy

protocols on all materials processed at the LTSC facility; they execute conflict-of-interest (COI)

forms designed to detect and avert any possible COI issues; and they are subjected to rigorous

DOJ security background investigations as a term of their employment.   All LTSC data is

maintained within DOJ's high-security information technology infrastructure and firewall, and

LTSC operations are physically conducted within a secure Government-owned building that also

houses EOUSA's nationwide Network Operations Center and Security Operations Center.

LTSC contract employees are required to adhere to all grand jury secrecy requirements

and other applicable laws, regulations, and Department of Justice policies and procedures.  LTSC

contract employees follow the same requirements with regard to grand jury material that apply to

other United States Attorney's Office employees – including maintaining properly locked and

secure storage of grand jury materials, limiting access to grand jury materials, and preventing

any improper disclosure of grand jury materials.  LTSC contract employees are subject to the

---

[1] The LTSC contract was initially awarded to IE Discovery, Inc., whose assets were acquired by Deloitte Financial Advisory Services LLP on June 25, 2012.  The contract has been formally novated pursuant to the FAR to reflect the acquisition, which has no impact on LTSC services for the United States Attorneys' Offices. For more, see www.deloitte.com/view/en_US/us/press/Press-Releases/77f01ec78b308310VgnVCM2000001b56f00aRCRD.htm.

control of the United States Attorney's Office and EOUSA with respect to the handling of all case data and documents, including grand jury materials.  They are not allowed to take case-related materials outside of the facility.  Transportation of material between the LTSC and United States Attorneys' Offices is subject to stringent "secure shipping" protocols that entail the use of data encryption, a dual-container configuration, and other measures specially designed to ensure the physical security of sensitive United States Attorney case and investigatory information.

LTSC access to grand jury materials in this District is needed to assist federal prosecutors in the performance of their duties.  The LTSC furnishes secure, complex, and highly technical services with respect to paper and electronic data/document processing and review.  Such services are not readily available from full-time Civil Service employees of the local United States Attorney's Office due to both the volume and types of data involved, and the specialized skills required to efficiently process and review such data in a variety of computerized databases (e.g.., Concordance, iConect, and Relativity) within the secure DOJ firewall.  More specifically, the LTSC's technical expertise in scanning, coding, digitizating, and OCR'ing paper documents – as well as processing, organizing, and ingesting ESI and associated metadata in computerized document review platforms – is vital to the United States Attorney's Office's ability to review large data/document productions and is essential to our ability to prosecute cases effectively.

## **AUTHORITY**

Rule 6(e)(3)(A)(ii) of the Federal Rules of Criminal Procedure permits the disclosure of grand jury information to government personnel required to assist the prosecutors' law enforcement mission and provides, in pertinent part, as follows:[2]

---

[2] While Fed. Crim. Rule P. 6(e)(3)(A)(ii) does not require a court-issued disclosure order, the government nonetheless seeks such an order here out of an abundance of caution.

.

> (A)   Disclosure of a grand-jury matter – other than the grand jury's deliberations or any grand juror's vote – may be made to:
>
> . . .
>
>> (ii)   Any government personnel – including those of a state, state subdivision, Indian tribe, or foreign government – that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law. . . .

Courts have recognized that contract employees may be considered "government personnel" for purposes of Rule 6(e)(3)(A)(ii), when those employees perform necessary prosecutorial functions under government control.  In United States v. Pimental, 380 F.3d 575 (1st Cir. 2004), for example, the court held that it was proper for a United States Attorney's Office to obtain court approval, under Rule 6(e)(3)(A)(ii), for disclosure of grand jury materials to an investigator employed by a private insurance fraud bureau, even though the investigator was a "private actor [employed by the private bureau], which investigates potential cases of insurance fraud, is authorized and structured by Massachusetts statute, but partially run and entirely funded by insurers."  Id. at 578-79.  The court found that such private insurance investigators fell within the "government personnel" provision, and therefore that disclosure was allowed under Rule 6(e)(3)(A)(ii).  Id. at 596.  The court also found it proper for the government to seek authorization from the court for disclosure to independent contractors and "make a functional showing" that such contractors fall within the ambit of Rule 6(e)(3)(A)(ii).

Courts in the Second and Tenth Circuits have likewise found that government contractors may be considered "government personnel" for Rule 6(e)(3)(A)(ii) purposes when they perform necessary prosecutorial functions that cannot reasonably be performed by traditional Civil Service employees and when they work under the control of government prosecutors.  United States v. Lartey, 716 F.2d 955, 964 (2d Cir. 1983); United States v. Anderson, 778 F.2d 602, 605 (10th Cir. 1985).

Like the government contract employees in Pimental, Lartey, and Anderson, LTSC

contract personnel perform functions essential to the United States Attorney's Office for the successful prosecution of complex and document-intensive cases. Such specialized litigation technology services cannot readily be performed by other government employees because such services are highly technical in nature and require the use of special computerized litigation support hardware and software.

LTSC contract personnel furthermore undergo similar clearance and background investigation procedures as do employees at United States Attorneys' Offices, and they operate under the control of prosecutors in those offices. They have been fully advised of the law, policy, and procedures unique to grand jury materials, and they execute confidentiality agreements and conflict-of-interest forms for each case on which they assist in data/document processing.

Consequently, the LTSC contract employees are "government personnel" within the meaning of Rule 6(e)(3)(A)(ii) and should be granted access to grand jury data/documents for the purpose of assisting prosecutors in processing materials for review and use in these proceedings. Or, as one court has expressly held in this regard:

> [A]ll of the safeguards that LTSC is required to take in ensuring the security and confidentiality of the materials is consistent with the long-established purposes of grand jury secrecy. Disclosure to LTSC, which merely processes the documents and data and follows all government protocols for security, should not affect witnesses' willingness to come forward to testify, increase the risk of flight by grand jury targets, damage the reputations of those accused, or inject outside interference into the grand jury. Rather, disclosure is necessary for the simple fact that the government cannot process all of the documents relevant to this investigation on its own and created LTSC for this very purpose. Under these circumstances, the court finds that LTSC employees are "government personnel" for purposes of Rule 6(e)(3)(A)(ii) and that disclosure of grand jury materials as sought in the government's ex parte Motion is proper.

*In re Disclosure of Matters Occurring Before a Grand Jury*, 2011 U.S. Dist. LEXIS 96369 (D. Haw. Aug. 25, 2011) at 11-12.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court enter a standing order under Rule 6(e)(3)(A)(ii) of the Federal Rules of Criminal Procedure permitting the disclosure of grand jury materials to the United States Attorney's secure LTSC facility for purposes of technical litigation support and data processing services.  Enclosed for the Court's consideration is a proposed Order.

Submitted this ___15___ day of ___May___, 2019.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
KEVIN J. LARSEN
Assistant United States Attorney
Court ID No. A5501050
United States Attorney's Office
99 NE 4th Street, 4th Floor
Miami, FL 33132
Tel.: 305.961.9356
Email: kevin.larsen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15 day of May, 2019, I hand delivered to the Clerk of

Court.

By:  /s/ _____
     KEVIN J. LARSEN
     Assistant United States Attorney