**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Number 18-20710-CR-ALTONAGA/GOODMAN(s)(s)

**UNITED STATES OF AMERICA,**

vs.

**SENTHIL RAMAMURTHY,**
**MANGALA RAMAMURTHY,**
**ANTHONY MAUZY,**
**THOMAS SAHS,**
**RAJESH MAHBUBANI, and**
**JOHN SCHOLTES,**

   **Defendants.**
_____/

**GOVERNMENT'S NOTICE OF FILING REGARDING JOINDER**

  The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this notice regarding joinder. At the June 6, 2019, status conference some defendants complained that they would be prejudiced in a joint trial because they were not charged in all of the counts set forth in the second superseding indictment. In response, the Court asked the government to expound on its decision to charge the defendants in the manner it did. This is the government's response.

  **I.**  **The Charges**

  The indictment charges three conspiracies involving health care fraud and the payment and/or receipt of health care kickbacks. The conspiracy began in 2014 as a scheme to bill Tricare for unnecessary compounded drugs, and it later evolved in 2016 into a scheme to bill Medicare for expensive genetic tests. Count 1 charges a conspiracy to commit health care fraud and wire fraud based on a joint scheme by all defendants to target the Tricare program and submit claims for unnecessary, and expensive, creams and ointments. Count 10 charges a conspiracy to defraud the

United States and to pay and receive health care kickbacks, related to the aforementioned Tricare scheme charged in count 1, and involves the payment and receipt of kickbacks among <u>all</u> the defendants. Count 39 involves three of the six defendants, and relates to a continuing effort by some, but not all, of the defendants to perpetuate a similar kickback and fraud scheme targeting Medicare for expensive genetic tests instead of targeting Tricare for compounded creams. In addition to the conspiracies, the indictment charges <u>all</u> defendants with various substantive counts of health care fraud related to the initial Tricare scheme (counts 2-9), and five of the six defendants with various substantive counts of either paying or receiving health care kickbacks (counts 11-35). Defendant Mangala Ramamurthy is the only defendant charged with three counts of making false statements (counts 36-38) which were made to agents during the course of the investigation. In sum, <u>all</u> defendants are charged in the first two conspiracies, and <u>all</u> of the defendants are charged in at least some of the related substantive counts comprising counts 1-35. One defendant is charged in three false statement counts (counts 36-38). Finally, three of the six defendants are charged in the final Medicare conspiracy (count 39). Thus, by far the overwhelming majority of the charges are pending against all defendants, and all of the charges stem from the initial Tricare conspiracies outlined in counts 1 and 10.

## II.     The Government's Anticipated Evidence

At trial, the government anticipates calling a number of Tricare beneficiary witnesses against all of the defendants as charged in counts 1-9. Additionally, the government expects to call several cooperating witnesses (some charged and some not), who either paid kickbacks to the conspirators for their prescription referrals, or who were paid kickbacks by the defendants for recruiting Tricare beneficiaries on behalf of the conspiracy. The government also plans to call a medical expert to testify about some of the prescription formulas billed to Tricare, the nature and limits of

2

diagnosing and prescribing via telemedicine (which was the main way of generating prescriptions as to all three conspiracies). The government will also call several witnesses to introduce and discuss various financial records, corporate records, Tricare records and other communications between and among the conspirators. The bulk of all this evidence pertains to all six defendants. While three of the six defendants are not charged in the Medicare conspiracy (count 39), a number of the aforementioned government witnesses will testify about both the Medicare and the Tricare schemes. For example, the government's financial witness will testify about kickback transfers related to both the Tricare and the Medicare schemes. Similarly, because telemedicine continued to play a role in obtaining the prescriptions for the genetic testing scheme, the expert called to testify regarding the Tricare scheme charged in counts 1-35 will also present relevant/admissible evidence regarding the Medicare conspiracy charged in count 39. Additionally, some of the same cooperating witnesses expected to testify about the Tricare scheme were also recruited into the Medicare scheme; therefore they have relevant testimony concerning all three conspiracies. To be sure, there are some witnesses and documents that will not apply to all defendants, but that is true in any joint trial. For example, the government expects to call some of the genetic testing beneficiaries whose testimony applies only to the third conspiracy charged in count 39. Similarly, the government will call a Medicare program witness to introduce and explain the Medicare claims and the rules relevant to genetic testing. The government will also introduce certain documents and communications related only to the Medicare scheme. But many of these documents and communications only make sense given the history and relationships developed during the previous two years of criminal conduct related to counts 1-35.

### III.      Joinder Is Proper

Rule 8(b) states that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," and "[t]he defendants may be charged in one or more counts together or separately," but they "need not be charged in each count." Fed. R. Crim. P. 8(b). That is what the second superseding indictment charges in this case. It charges one or more defendants in the same counts because they are alleged to have participated in the same series of acts or transactions constituting an offense or offenses, but it does not, and need not, charge each defendant in each count. Where, as here, multiple defendants are involved in the same or similar conduct, there is a preference for joint trials so as to promote efficiency and ensure consistency in verdicts among defendants. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Generally "persons who are charged together should also be tried together." *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) (quoting *United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989)). Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

The Eleventh Circuit considered and rejected arguments to sever in a similar multi-conspiracy scenario in *United States v. Hill*, 643 F.3d 807, 828 (11th Cir. 2011). In *Hill*, the court found that a non-lead defendant was properly joined, even though two out of the three conspiracies charged did not implicate him and differed as to time, participants, and factual particulars. The Court explained that the three conspiracies were properly joined because they all related to the lead defendant's "master scheme" to commit mortgage fraud and "[t]he fact that [the lead defendant] used a different set of actors to perform the three acts of his play did not transform it

into three different plays." *Id*. at 829. The basis for joinder in this case is much stronger than in *Hill*. The three defendants not charged in the Medicare conspiracy (count 39) are charged in not one but two of the three conspiracies, as well as multiple related substantive offenses. As in *Hill*, all three conspiracies originated with Senthil Ramamurthy's "master-scheme" to defraud health care programs. Much of the evidence and many of the witnesses overlap. Indeed, if count 39 were severed for a second trial, much of the evidence regarding how the scheme originated (i.e, evidence related to counts 1-35) would need to be presented all over at the second trial.[1] Moreover, the mere fact that there may be less evidence against the three defendants not charged in count 39 is insufficient to justify severance. "If it were enough, in every joint trial the defendant facing the fewest charges with the least amount of evidence would be automatically entitled to a severance." *Hill*, 643 F.3d at 831. In fact, even when the number of charges and the quantum of evidence pertaining to a defendant is significantly less than other defendants, a severance is not justified. As the Eleventh Circuit explained in *Hill*, "even if, as [defendant] asserts, there had been an enormous disparity in the amount of evidence that related to other defendants or charges compared with the evidence that related to him, '[a] defendant does not suffer compelling prejudice, sufficient to

---

[1] The addition of the Medicare scheme as described at count 39 also greatly undermines arguments previously raised by counsel for defendant Mangala Ramamurthy, that she was entitled to a severance so that her son, defendant Senthil Ramamurthy, could offer exculpatory evidence at her separate trial. The additional scheme set forth in count 39 charges Mangala Ramamurthy with additional conduct that shows she actively participated in all the charged schemes and that her involvement was more expansive than initially described in the first superseding indictment. These facts diminish any likelihood that defendant Senthil Ramamurthy could offer any exculpatory evidence in her favor and negate the need for any subsequent trial or additional jury. This is particularly true absent an affidavit outlining defendant Senthil Ramamurthy's purported testimony as necessary for the Court to engage in any meaningful evaluation of the testimony's exculpatory nature. *See United States v. Green*, 818 F.3d 1258, (11th Cir. 2016); *see also United States v. Hanna, et al.,* Case. No. 12-CR-20254-Seitz (S.D. Fla., August 21, 2012) (E.C.F. No. 71); *United States v. Alston et. al.,* Case No. 99-CR-10035-Moore (S.D. Fla., March 24, 2003) (ECF No. 209).

5

mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants.'" *Hill*, 643 F.3d at 829 (quoting *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997)).

The main prejudice raised by defendants at the status conference involved paying attorney's fees for lawyers to attend trial while evidence is presented against other defendants. Whether this would constitute compelling prejudice to a specific trial right is doubtful. But in any event, it is worth noting that defendants and their counsel knew they were not charged in count 39, and knew the specific nature of that count, when negotiating their fees prior to entering as permanent counsel. Hence, they knew or should have known that trial would involve a certain amount of evidence unrelated to the counts in which they were charged. Thus, they should have negotiated (and still can negotiate) their fees accordingly. Finally, any "spillover" prejudice from count 39 can easily be mitigated thorough limiting instructions during trial and in the jury instructions. *See Hill*, 643 F.3d at 829 ("we apply 'the strong presumption ... that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered.'") (quoting *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004). That should not be difficult in this case, as the time frame and the victim of count 39 differs from all the other charges.

### IV. Conclusion

As discussed above, the defendants and charges in the second superseding indictment are properly joined under Rule 8, and there is no compelling prejudice sufficient to require severance under Rule 14. Given the significant interests in promoting efficiency and consistency in verdicts,

all the defendants should be tried together as charged.

                        Respectfully submitted,

                        ARIANA FAJARDO ORSHAN
                        UNITED STATES ATTORNEY

By:   */s/ Kevin J. Larsen*
       KEVIN J. LARSEN
       Assistant United States Attorney
       Special Bar Number: A5501050
       99 NE 4th Street, 6th Floor
       Miami, FL 33132
       Tel: (305) 961-9356
       Email: kevin.larsen@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

s/ *Kevin J. Larsen*
KEVIN J. LARSEN
Assistant United States Attorney
