UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 18-20710-CR-ALTONAGA/GOODMAN(s)(s)

UNITED STATES OF AMERICA,

vs.

SENTHIL RAMAMURTHY,
MANGALA RAMAMURTHY,
ANTHONY MAUZY,
THOMAS SAHS,
RAJESH MAHBUBANI, and
JOHN SCHOLTES,

        **Defendants.**
_____/

## GOVERNMENT'S NOTICE OF FILING SUPPLEMENT REGARDING JOINDER

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Supplement to its Notice Regarding Joinder [D.E. 179]. At the status conference held on June 6, 2019, in response to concerns raised by Defendants Anthony Mauzy, Thomas Sahs and Rajesh Mahbubani that they would have to sit through a trial in which they were not charged in all the counts, the Court directed the government to submit a trial outline which would allow an intelligent discussion as to how this case is going to be tried, and more specifically, to give this Court comfort "that we can do this in one trial . . . and not two trials." [D.E. 185, Attach No. 1 at pp. 18, 20].

On July 8, 2019 the government filed its notice Regarding Joinder [D.E. 179], which provided the Court with both the factual and legal rationale for joinder of defendants and charges in this case. In summary, the three charged conspiracies in this case involve issues that are inextricably intertwined with evidence that overlaps across all three charged conspiracies. If Count 39 of the

1

Second Superseding Indictment were severed to be tried separately, the government would have to present significant portions of the evidence in both trials, and three of the six charged defendants would have to stand trial twice. The government respectfully submits that all the defendants should be tried together at a single trial.

After the United States filed its Notice of Filing Regarding Joinder, defendant Mangala Ramamurthy filed two additional pleadings seeking a status conference. In its July 8 filing, the government made good faith effort to comply with the Court's directive. The United States offers this supplement to further aid the parties' discussion at the upcoming August 5th status conference.

I.     **The Government's Anticipated Evidence**

The evidence at trial will prove that the defendant Senthil Ramamurthy devised an overarching scheme to defraud health care benefit programs, such as Tricare and Medicare, by targeting and referring beneficiaries of those programs to enterprises that paid him millions of dollars in kickbacks for unnecessary products and services. In furtherance of his plan, Ramamurthy recruited multiple co-conspirators (including the co-defendants Mauzy, Sahs and Mahbubani) to recruit and refer beneficiaries to him so that he could in turn refer them in exchange for kickbacks. Ramamurthy also paid doctors and others to arrange for the ratification of prescriptions for the referred patients. Defendants Dr. Ramamurthy and John Scholtes are among these co-conspirators.

The government's testimonial evidence will come in primarily through: (1) individuals who conspired with the defendants to commit the charged crimes; (2) Tricare and Medicare beneficiaries targeted by the defendants; (3) fact witnesses having relevant knowledge of the case and the government's investigation; and (4) expert testimony to aid the jury in the area of topical compound medications and the proper use of telemedicine, which the evidence will show was the primary method used by the defendants to get prescriptions approved.

II.     **The Overlapping Nature of the Evidence**

The testimony of multiple witnesses throughout the trial will be germane to Ramamurthy's master plan to defraud *both* Tricare *and* Medicare. Thus this testimony will apply to all defendants charged in this case.

Specifically, Asif Uddin ("Uddin"), a convicted co-conspirator to Ramamurthy's overarching scheme will tell the jury how Ramamurthy recruited him into the compounding medication scheme and how the scheme worked. Uddin will also testify regarding his interactions with, and knowledge about the crimes committed by, the other charged co-defendants in this case.[1] Uddin will also testify about statements Ramamurthy made about the genetic cancer scheme charged in Count 39 and efforts made by Ramamurthy to recruit him "back in[to] the game."

The government anticipates similar testimony from other cooperating witnesses including "marketers" who will testify that the defendants paid them to recruit Tricare beneficiaries for the compounding medication scheme. These same witnesses will explain how the scheme evolved into targeting beneficiaries with predictive genetic tests for cancer.

Furthermore, the testimony of the government's experts and case agents will also relate to both the Tricare and Medicare schemes. For example, an expert witness will explain, among other things, the manner in which the defendants deployed telemedicine as a tactic to obtain prescriptions for both the compounding and genetic testing schemes. One or more case agents are also expected to offer testimony about the flow of funds from Tricare and Medicare to the various conspirators charged in all the schemes in the indictment.

---

[1] Due to the scope of Uddin's interactions with the defendants, the government anticipates his testimony to last one to two days on direct examination.

In addition, the United States will offer documentary evidence that will corroborate the testimony of these witnesses. The documents will also demonstrate that the facts relevant to the scheme targeting Tricare as charged in Counts 1 and 10 of the Second Superseding Indictment are inextricably intertwined with facts relevant to the Medicare scheme charged in Count 39.

To be sure, the government will present some evidence at trial that only implicates Count 39. A handful of Medicare beneficiaries will testify that they were targeted for genetic cancer tests without speaking to any prescribing physician, and in most instances without ever receiving their test results. The government may call one or more marketers and co-conspirators whose role was limited to the conduct charged in Count 39. An expert witness may testify as to issues relevant only to genetic cancer tests.

In summary, the testimony of witnesses with information relevant only to Count 39 is relatively brief. If it were possible to present them in a block, it would take approximately 2 to 3 trial days, depending on the length of cross-examination.

III. **Conclusion**

For the reasons outlined in the government's filing regarding joinder, as well as those discussed herein, the charges and defendants in the Second Superseding Indictment should be tried together at one trial.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   */s/ Kevin J. Larsen*
KEVIN J. LARSEN
Assistant United States Attorney
Special Bar Number: A5501050
99 NE 4th Street, 6th Floor
Miami, FL 33132

Tel: (305) 961-9356  
Email: kevin.larsen@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

s/ <i>Kevin J. Larsen</i>  
KEVIN J. LARSEN  
Assistant United States Attorney