UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-Cr-20710-CMA(s)(s)

UNITED STATES OF AMERICA

vs.

**SENTHIL RAMAMURTHY,**
**MANGALA RAMAMURTHY,**
**ANTHONY MAUZY,**
**THOMAS SAHS,**
**RAJESH MAHBUBANI, and**
**JOHN SCHOLTES,**

       **Defendants.**
_____/

## GOVERNMENT'S MOTION TO COMPEL DEFENSE DISCOVERY OR, IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE

The United States of America, through undersigned counsel, hereby moves to compel each of the defendants to produce reciprocal discovery to the Government, as the Rules require. To date, none of the defendants has provided us with any documents or materials they may use in their case in chief at trial – even though several defense counsel have told us, and told the Court, that such documents exist.[1] In that same vein, we are moving separately today to compel the defendants to produce documents relating to any potential advice-of-counsel defense, but the defendants also have a general obligation to produce defense discovery, and the time has long passed for them to begin to do so. This failure has hampered the Government's ability to prepare its exhibit list (presently due in a matter of weeks) and jeopardizes the trial date. With trial on

---

[1] At multiple status conferences before this Court, counsel for the defense have alluded to the fact that they intend to put on a lengthy defense case.

1

the horizon, the Government fulfilling its obligations, and the defense already having had more than ample time to comply with obligations of its own, it is vital for the Court to order the defendants' immediate compliance with the Rules and to set a firm deadline for the production of reciprocal discovery.

This much is certain: Defendants are required to produce reciprocal discovery under Fed. R. Crim. P. 16(b)(1)(A) ("If a defendant requests disclosure [of discovery from the Government and it complies], then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places . . . if the item is within the defendant's possession, custody, or control; and the defendant intends to use the item in the defendant's case-in-chief at trial."). *See also* S.D. Fla. L.R. 88.10(b) (same, making the reciprocal discovery obligation triggered by entry of this Court's Standing Discovery Order). The rules do not allow a defendant to withhold reciprocal discovery until the eve of trial or to set its own timetable. On the contrary, a defendant, like the Government, must produce required discovery as it becomes available. *See* S.D. Fla. L.R. 88.10(o)(2) (discovery obligations begin within 14 days and remain ongoing at all times). There is no exception to this requirement for defense discovery.

The government has reason to believe that the defendants will seek to use or introduce evidence of their own at trial, yet a year into this case (at least as to some of the defendants), not a single item has been produced or even identified. The government is entitled to this information now without further delay, so that it may without disrupting trial itself or disturbing the trial schedule investigate the defendants' evidence, identify any relevant witnesses, and file any pre-

2

trial motions *in limine* to exclude that evidence.2   The Court should therefore set a prompt and firm date for the production of all items within the scope of Rule 16(b)(1)(A) that each defendant will use to support its case.[3]

Although our primary concern is documents and materials that we do not possess, a defendant must produce all items supporting its case, even if the Government may possess them already or provided them previously in its discovery.   *See, e.g., United States v. Crinel*, 2016 WL 5779778, *2 (E.D. la. Oct. 4, 2016) ("a defendant is required to produce all required materials, including those already in the government's possession"); *United States v. Holden*, 2015 WL 1514569, at *6 (D. Or. March 19, 2015); *United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000).   While it may be enough, if the defendants' discovery includes documents we produced to them, for the defendants simply to direct us back to specific bates-numbers, it is not an excuse for non-compliance to say that the Government already possesses their discovery.

Moreover, Rule 16(b)(1)(A) applies to all items that the defense will use to support its case, not merely those items that the defense will introduce after the government rests.   Specifically, the phrase "defendant's case-in-chief at trial" as stated in Rule 16(b)(1)(A) applies to evidence that a defendant intends to present during the examination of the government's witnesses to support his or her defense, as well as to evidence that the defendant intends to present at trial after the government rests its case (although Rule 16(b)(1)) does not require a defendant to disclose

---

2 Motions *in limine* are due on or before November 8, 2019, which is well before any defense exhibits are due to be disclosed to the government.

[3] Rule 16(b)(1)(A) applies to all items that the defense will use to support its case, not merely those items that the defense will introduce after the government rests.   *See United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000).

3

evidence that defendant intends to use only for purposes of impeachment). *See, e.g., United States v. Napout,* 2017 WL 6375729, at *5 (E.DN.Y. 2017) ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a Defendant. … [W]here a defendant cross-examines a government witness to buttress[ ] her theory of the case, rather than to impeach the testimony given by the witness on direct examination, [t]he cross-examination ... is properly seen as part of the defendant's case-in-chief[.]   This interpretation of Rule 16 has been adopted by almost every district court to consider the issue) (citation and quotation marks omitted); *accord, United States v. Aiyaswamy,* 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017); *Crinel*, 2016 WL 5779778, at *3; *United States v. Larkin*, 2015 WL 4415506 (D. Nev. July 20, 2015); *Holden*, 2015 WL 1514569, at *6 (D. Or. Mar. 19, 2015); *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho 2014)*; Hsia*, 2000 WL 195067, at *2.

Rule 16's purpose "is to avoid surprise and gamesmanship." *Id.*, at *1.  This Court should enter an order requiring the defendants' immediate compliance with Rule 16(b)(1)(A) and setting a firm deadline for the production of defense discovery, including but not limited to items previously produced by the Government and non-impeachment materials that the defendants may use during cross-examination of Government witnesses.   With this in mind, the Government requests this Court impose a deadline of Nov. 1, 2019 to comply with Rule 16's reciprocal discovery obligations. Moreover, we have had many conversations with defense counsel seeking documents and/or about deadlines.   On September 4, 2019, in a pre-status conference call between the government and counsel for the defendants, the government asked for reciprocal discovery.   In response to the government's request, counsel for Defendant Mangala

4

Ramamurthy stated that he would produce reciprocal discovery on December 17, 2019 (the day that defense exhibit and witness lists are due), and none of the other defense counsel participating in the call volunteered to produce any discovery to the Government.  On this same call, the government asked the defense for discovery on their advice of counsel defense.   Defense counsel for Mangala Ramamurthy once again spoke for the rest of the defense and rejected the government's request, stating that advice of counsel is not an affirmative defense requiring specific disclosure (notwithstanding the fact that defendants have already openly declared such a defense). Accordingly, because government efforts at obtaining reciprocal discovery without involving this Court have proven fruitless, we see no alternative to filing the instant motion.   Exclusion of the withheld evidence is an appropriate sanction for continued defense violations of Rule 16's reciprocal discovery requirements. *See United States v. Prather,* 205 F.3d 1265, 1271-72 (11th Cir. 2000) (affirming convictions of defendants where Court excluded evidence for failure to comply to Rule 16 reciprocal discovery obligations).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court enter the attached proposed order (Ex. 1 hereto).  The requested relief will ensure the efficient use of this Court's resources and avoid unnecessary delays.

**CERTIFICATE PURSUANT TO LOCAL RULE 88.9**

Pursuant to Local Rule 88.9, the government contacted defense counsel by email on October 22, 2019 regarding the filing of the instant motion. With the exception of Ryan Stumphauzer, Esq., and David Oskar Marcus, Esq., counsel for Defendants Anthony Mauzy and Mangala Ramamurthy, respectively, the Government has been unable to obtain the position of remaining defense counsel. However, the Government previously conferred with all Defendants' counsel by telephone on September 4, 2019, who all then indicated that they oppose the requests contained in the instant motion.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /s/ *Kevin J. Larsen*
KEVIN J. LARSEN
Court ID No. A5501050
ANA MARIA MARTINEZ
Florida Bar. No. 0735167
Assistant United States Attorneys
99 NE 4th Street
Miami, FL 33126
Tel: (305) 961-9356
Email: kevin.larsen@usdoj.gov