UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 18-20710-CR-ALTONAGA/GOODMAN(s)(s)

UNITED STATES OF AMERICA,

vs.

JOHN SCHOLTES,

       **Defendants.**

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS COUNT ONE (FRAUD AND KICKBACKS CONSPIRACY) AS DUPLICITOUS

The United States of America respectfully files this Response in Opposition to Defendant John Scholtes' Motions to Dismiss Count One of the Second Superseding Indictment.[1] This Court should deny the Defendant's motion for the following reasons:

## BACKGROUND

1. Count 1 of the Second Superseding Indictment [DE 117] charges Scholtes with conspiracy to commit health care and wire fraud in violation of Title 18, United States Code Section 1349. Specifically, Scholtes is alleged to have conspired to commit a scheme and artifice to defraud Tricare. *Id.* at 7-8.

2. The manner and means section of Count 1 alleges that Scholtes and others committed health care and wire fraud by among other things: (1) receiving and paying kickbacks in exchange for referring Tricare beneficiaries to pharmacies 1 and 2 [DE 117: 9]; (2) making

---

[1] On December 5, 2019 this Court granted [DE 288] Scholtes' motion to join/adopt the Motion to Dismiss Count One of the Indictment [DE 266]. It bears noting however, that although this Court granted Scholtes' motion to join/adopt, much of the arguments contained in the motion pertain to defendants who have elected to plead guilty. Scholtes could have, but did not submit any supplemental memorandum applying facts specific to him.

1

false and fraudulent representations regarding beneficiary obligations to pay co-payments [*id.*]; coordinating and directing the development of pre-printed prescriptions for compounded medications that were transmitted to and among co-conspirators who were paid to ratify prescriptions without regard to actual medical need of the beneficiaries [D.E. 117: 9-10]; (3) causing pharmacies 1 and 2 to submit false and fraudulent claims on Tricare that were induced through kickbacks, other illicit incentives, including co-pay waivers, designed for maximum reimbursements regardless of medical need, and not properly prescribed by a licensed medical professional [*id.*].

3. Count 10 of the Second Superseding Indictment by contrast charges Scholtes and others with conspiring to defraud the United States and to pay and receive health care kickbacks in violation of Title 18, United States Code, Section 371. Count 10 specifically alleges violations of the Federal Anti-Kickback Statute, Title 42, United States Code, Section 1320a-7b(b)(1)(A), (2)(A), and (2)(B) [DE 117 at 15-16].

**ARGUMENT**

4. The gravamen of Defendant's argument as the government can best understand it, is that Counts 1 and 10 of the second superseding indictment are duplicitous because Defendant contends that Counts 1 and 10 each charge Scholtes with violations of the Federal Anti-Kickback Statute, Title 42 U.S.C. § 1320a-7b.

5. Defendant's error in misreading the indictment does not render it duplicitous. Count 1 charges Scholtes with conspiring to commit a scheme and artifice to defraud Tricare. A count in an indictment is duplicitous if it charges two or more "separate and distinct" offenses in single count. *United States v. Schlei,* 122 F.3d 944, 977 (11th Cir. 1997); *United States v. Burton,* 871 F.2d 1566, 1573 (11th Cir. 1989). A count in an indictment that merely alleges multiple means

or methods of committing a single offense is not duplicitous. *Schlei,* 122 F. 3d, 977; *see also United States v. Wiles,* 102 F.3d 1043, 1061 (10th Cir. 1997).  When applied to conspiracy counts, "the allegation in a single count of conspiracy to commit several crimes is not duplicitous, for 'conspiracy is the crime, and this is one, however diverse its objects.'" *United States v. Ramos,* 666 F.2d 469, 473 (11th Cir. 1982) *quoting Frohwerk v. United States,* 249 U.S. 204, 210 (1919).

6. In Count 1 Scholtes is only charged with conspiracy and not with separate violation of the Federal Anti-Kickback Statute.  It matters not that the payment and receipt of kickbacks are alleged as *one* of the means by which the Defendant conspired.

7. Count 10 by contrast charges Scholtes with conspiracy to pay and receive kickbacks and the object(s) of the charged conspiracy, unlike in Count 1, include violations of enumerated provisions of the Federal Anti-Kickback Statute [DE 117 at 14-16].

## **CONCLUSION**

8. For the foregoing reasons, this Court should deny Defendant's motion to dismiss Count 1 of the Second Superseding Indictment as duplicitous.

                Respectfully submitted,

                ARIANA FAJARDO ORSHAN
                UNITED STATES ATTORNEY

By:  */s/ Kevin J. Larsen*
     KEVIN J. LARSEN
     Assistant United States Attorney
     Special Bar Number: A5501050
     99 NE 4th Street, 6th Floor
     Miami, FL 33132
     Tel: (305) 961-9356
     Email: kevin.larsen@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

s/ *Kevin J. Larsen*
KEVIN J. LARSEN
Assistant United States Attorney