UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20710-Cr-Altonaga(s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SENTHIL RAMAMURTHY,

        Defendant.

**UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture and Forfeiture Money Judgment against Defendant **SENTHIL RAMAMURTHY** (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment against the Defendant for $5,050,859 (US). In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 9, 2019, the Defendant was charged by Second Superseding Indictment [ECF No. 117] (the "Indictment"). The Indictment charges the Defendant in Count 1 with knowingly and willfully conspiring with other persons to commit healthcare fraud, in violation of Title 18, United States Code, Section 1349, and in Count in Count 39 with  knowingly and willfully conspiring

with other persons to defraud the United States and receive healthcare fraud kickbacks in violation of Title 18, United States Code, Section 371.

The Indictment provides notice in its forfeiture allegations that the United States intends to seek entry of a forfeiture money judgment against the Defendant upon his conviction in an amount equal in value to the property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense charged in the Indictment.

On November 11, 2019, the Court accepted the Defendant's guilty plea to Counts 1 and 39 of the Indictment. On pages 7-8, paragraph 15, of his Plea Agreement [ECF No. 241], the Defendant agreed to the entry of a forfeiture money judgment against him for $5,050,859 (US), which he also agreed in the same paragraph of his Plea Agreement was a sum of money equal in value to the gross proceeds he obtained that are traceable to the offense to which he pled guilty.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a federal health care offense is subject to forfeiture. 18 U.S.C. § 982(a)(7).

In a health care fraud case, gross proceeds constitute the entire amount received by a defendant as a result of the fraudulent scheme. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-46 (11th Cir. 2009) (upholding forfeiture money judgment that included not only Medicare reimbursements but also sums paid by private insurance companies and patients because "but for [the defendant's] Medicare fraud, she would not have been entitled to collect these sums from the companies and patients"); *United States v. Saoud*, 595 F. App'x 182, 193 (4th Cir. 2012) ("'[G]ross proceeds' is properly interpreted to include the total amount of money brought in through the

fraudulent activity, with no costs deducted or set-offs applied.") (quoting *United States v. Poulin*, 461 F. App'x 272, 288 (4th Cir. 2012)).]

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(7).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy such forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment

"based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

### C. Substitute Property

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Duboc*, 694 F.3d 1223, 1226 (11th Cir. 2012) ("Section 853(p) provides that where the government proves that it was entitled to forfeiture, but the specific property is no longer available, the district court shall order the forfeiture of substitute assets."); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset). Substitute assets are available for forfeiture upon a showing that, due to the defendant's act or omission, directly forfeitable property:

      (A) cannot be located upon the exercise of due diligence;
      (B) has been transferred or sold to, or deposited with, a third party;
      (C) has been placed beyond the jurisdiction of the court;
      (D) has been substantially diminished in value; or
      (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### D. Difference Between Forfeiture and Restitution

Both forfeiture and restitution are mandatory in criminal cases. *See United States v. Brummer*, 598 F.3d 1248, 1250-51 (11th Cir. 2010) (the word "shall" does not convey discretion and the district court was required to order forfeiture of the property in accordance with Fed. R. Crim. P. 32.2); 18 U.S.C. § 3664(f)(1)(A) (requiring district courts to order restitution in the full amount of each victim's losses). Although sometimes conflated, forfeiture and restitution serve

different purposes. "While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice." *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) (citing *United States v. Browne*, 505 F.3d 1229, 1281 (11th Cir. 2007), *United States v. Venturella*, 585 F.3d 1013, 1019-20 (7th Cir. 2009), and *Libretti v. United States*, 516 U.S. 29, 39 (1995)). Because of this distinction, the Eleventh Circuit has repeatedly held that district courts cannot use restitution to offset the forfeiture amount ordered, or vice versa. *See United States v. Hernandez*, 803 F.3d 1341, 1343-44 (11th Cir. 2015); *Joseph*, 743 F.3d at 1354 ("In light of the statutory framework governing restitution and forfeiture, we hold that a district court generally has no authority to offset a defendant's restitution obligation by the value of forfeited property held by the government, which is consistent with the approach taken by the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits."); *United States v. Bane*, 720 F.3d 818, 827 n.8 (11th Cir. 2013); *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-45 (11th Cir. 2009); *Browne*, 505 F.3d at 1281 (finding defendant's disgorgement of illicit profits did not divest the United States of its forfeiture interest in the full amount of offense).]

### E.  Property Subject to Forfeiture in Instant Criminal Case

Based on the agreement of the parties in this case, record in this case, the total value of the gross proceeds that the Defendant obtained that are traceable to the offense to which he pled guilty is $5,050,859 (US). Therefore, this sum may be sought as a forfeiture money judgment pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2 of the Federal Rules of Criminal Procedure.

The United States has also not been able to locate directly forfeitable property. Therefore, the United States is not seeking forfeiture of directly forfeitable property in this motion.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant and for the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with the Defendant's counsel, Mr. Greg Bernstein, Esquire and Mr. Jack Fernandez, Esquire, by e-mail on April 1, 2020, who relayed that the defendant does not oppose the relief requested herein.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   *s/Daren Grove*

Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile: 954.356.7180