# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 90-cr-06108-KMW-2

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARRYL S. HOPE,

    Defendant.

_____/

### ORDER

**THIS MATTER** is before the court on Defendant Mr. Hope's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582. (DE 477).

**I.    BACKGROUND**

On September 5, 1991, Defendant Darryl Hope was sentenced to life imprisonment. Mr. Hope was convicted at trial of conspiracy to distribute cocaine and use of a firearm during and in relation to a drug trafficking crime. No cocaine was recovered because the case involved Mr. Hope and his co-defendants promising to deliver cocaine to an undercover officer posing as a buyer. Instead, they intended to steal the monies brought for the drugs. Mr. Hope's co-defendant had a gun and trained it on the undercover officer during the meeting leading to their arrests.

Based on these facts, Mr. Hope was found guilty of conspiracy to distribute between five and fifteen kilograms of cocaine and use of a firearm during a drug trafficking crime. The Government filed a Section 851 enhancement based on his prior felony drug convictions, compelling the Court to impose a mandatory minimum sentence of life.

1

## II. DISCUSSION

On February 26, 2020 the Court had a hearing on Mr. Hope's motion for reconsideration of the denial of his initial motion for compassionate release. (DE 474). Counsel appointed to represent Mr. Hope filed a memorandum in support of reconsideration (DE 462) to which the Government responded (DE 464) and Mr. Hope replied (DE 465). Both Parties have filed supplemental pleadings.[1] Based on a review of the record, the pleadings, the arguments presented during the hearing and relevant case law, the Court **GRANTS** Mr. Hope's motion.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act") amended 21 U.S.C. § 851, reducing the enhanced mandatory minimum sentence based on appropriate notice setting forth two prior predicate convictions, from life imprisonment to 25 years. Instead of allowing an enhancement based on any prior felony drug offense, the First Step Act requires that the prior offense must be a "serious drug felony." The definition of a serious drug felony is the same as that found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); that is, the prior drug offense must have had a maximum statutory penalty of ten years or more. *See* 18 U.S.C. § 924(e)(2)(A)(ii).

Mr. Hope argues that if he were he sentenced today, taking into account the fact that the indictment charging him alleged only a detectable amount of cocaine and that no statutory enhancement would be available for his prior drug convictions for simple

---

[1] Mr. Hope has eliminated any procedural bars to this Court's adjudication of his motion by voluntarily dismissing (DE 475) his appeal before the 11th Circuit. *See* Order of Dismissal, *United States v. Hope*, Case No. No. 19-13687-JJ (11th Cir. March 4, 2020) (DE 476).

2

possession,² his maximum sentence would be thirty years plus a five-year consecutive sentence for his conviction for using a firearm during a drug-trafficking offense. (DE 462 at 6) (citing 21 U.S.C. § 841(b)(1)(c)). He further argues that without the 851 enhancement, his Sentencing Guideline range would be as follows: "his offense level, with no reductions, would be a level 36 with a criminal history category of VI which would result in an advisory sentencing range of 262 to 327 months." (DE 477 at 6-7). Mr. Hope has already served almost 30 years in prison.³ Thus, "[e]ven coupled with the mandatory consecutive 60-month sentence for the firearm offense, Mr. Hope would have already served his full sentence." *Id.* at 7.

The Government raises several objections to Mr. Hope's motion. The Government argues that Mr. Hope has not exhausted administrative remedies with the Bureau of Prisons ("BOP"), that he does not have serious health issues—the reason identified in Mr. Hope's *pro se* motion for release—as recognized by 18 U.S.C. § 3582, and that his case does not involve crack cocaine and therefore any redress discussed in the First Step Act is not retroactive and is unavailable to him. The Court disagrees.

District Courts around the country have recognized that defendants are entitled to relief under the First Step Act for "extraordinary and compelling reasons" including the sentencing disparities occasioned by promulgation of that Act. As discussed at length in *United States v. Young*, "a majority of the district courts that have considered the issue have likewise held, based on the First Step Act, that they have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling

---

² The Government does not challenge Mr. Hope's characterization of his prior convictions.

³ As of July 2020, Mr. Hope will have been imprisoned for 30 years.

3

reasons." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (citing *United States v. Maumau*, No. 2:08-cr-758-TC-11, 2020 WL 806121, at *2 (D. Utah Feb. 18, 2020) ("Mr. Maumau argues that because the First Step Act now allows either the Director or the individual defendant to file a motion for compassionate release, the portion of the catch-all provision that limits relief to grounds identified by the Director is inconsistent with the law. . . . [A] majority of district courts to consider the question have embraced Mr. Maumau's position."); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) ("[I]f the [First Step Act] is to increase the use of compassionate release, the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it . . . Thus, the Director's prior interpretation of 'extraordinary and compelling' reasons is informative, but not dispositive." (internal quotation marks and citations omitted); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5-6 (M.D.N.C. June 28, 2019) ("The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i)." (internal citation omitted)); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019) ("Given the changes to the statute, the policy-statement provision that was previously applicable to 18 U.S.C. § 3582(c)(1)(A) no longer fits with the statute and thus does not comply with the congressional mandate that the policy statement must

4

provide guidance on the appropriate use of sentence-modification provisions under § 3582."); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I agree with the courts that have said that the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change.").

Other courts have found that sentencing disparities like that presented in Mr. Hope's case, coupled with a demonstration of profound rehabilitation, constitutes "extraordinary and compelling" circumstances sufficient to warrant a sentence reduction. In *United States v. Eric Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *8 (S.D.N.Y. Apr. 6, 2020), for example, the court found that there were extraordinary and compelling reasons to reduce Millan's sentence to time served and noted that "almost thirty years is a long time behind bars by any measure for anyone." *Millan*, 2020 WL 1674058, at *15 ("Mr. Millan's extraordinary rehabilitation, together with his remorse and contrition, his conduct as model prisoner and man of extraordinary character, his leadership in the religious community at FCI Fairton, his dedication to work with at-risk youth and suicide prevention, and the support of BOP staff at FCI Fairton, including their opinion that if released, Mr. Millan would be a productive member of society and no danger to others, and the sentencing disparity that would result from further incarceration all constitute extraordinary and compelling reasons justifying a reduction in sentence."); *see also Maumau,* 2020 WL 806121, at *7 ("[T]he court concludes that a combination of factors— Mr. Maumau's young age[4] at the time of the sentence, the incredible length of the mandatory sentence imposed, and the fact that, if sentenced today, he would not be

---

[4] Like Mr. Maumau, Mr. Hope has been imprisoned since he was 23 years old.

5

subject to such a long term of imprisonment—establish an extraordinary and compelling reason to reduce Mr. Maumau's sentence."); *United States v. Decator*, No. CR CCB-95-0202, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (reducing defendant's sentence to time served under the First Step Act based on, among other things, the fact that "if Decator were sentenced today, his three § 924(c) convictions would result in a consecutive sentence of 15 rather than 45 years."); *United States v. Urkevich*, 2019 WL 6037391 at *4 (D. Neb. Nov. 14, 2019) (finding that a reduction of defendant's sentence under the First Step Act was warranted because of "extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed"); *United States v. Mondaca*, No. 89-CR-0655-DMS, 2020 WL 1029024, at *5 (S.D. Cal. Mar. 3, 2020) (reducing the defendant's sentence to time served under the First Step Act because, among other things, "Defendant has been in custody for over 365 months, more than twice the term he would likely receive under current law").

Moreover, as the court in *Maumau* observed "the fact that such cases are uncommon does not mean that Mr. Maumau's request must be denied":

> First, the lack of such cases is, at least arguably, part of what spurred Congress to pass the First Step Act. . . . Congress indicated that sentence modifications would be appropriate in "cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment." S. Rep. No. 98-225, at 55-56 (1984). . . . In other words, Congress indicated thirty-five years ago that it would be appropriate to provide compassionate releases when sentences are "unusually long" but the Bureau of Prisons consistently declined to seek relief in those situations.

6

*Maumau*, 2020 WL 806121, at *6. Based on this history, the court in Maumau concluded that "the fact that the phrase 'extraordinary and compelling reason' has not historically been interpreted to include exceedingly long sentences is an unpersuasive reason to exclude such an interpretation today." *Id*. And other courts have recently noted that "the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *Decator*, 2020 WL 1676219, at *3 (citing *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *4 (E.D. Va. Mar. 16, 2020); *Young*, 2020 WL 1047815, at *6). The court in *Decator* exercised "its independent discretion" and found "that Decator's continued incarceration under a sentencing scheme that has since been substantially amended is a permissible 'extraordinary and compelling' reason to consider him for compassionate release." *Decator*, 2020 WL 1676219, at *4 ("The fact that Decator, if sentenced today for the same conduct, would likely receive a dramatically lower sentence than the one he is currently serving, constitutes an 'extraordinary and compelling' reason justifying potential sentence reduction under § 3582(c)(1)(A)(i)."). After reviewing the relevant Section 3553 factors, the court reduced Decator's sentence to time served. *Id.* at *5.

It should be noted that since briefing in this matter took place, COVID-19 has dramatically altered the context in which courts are considering compassionate release requests. *See United States v. Jeremy Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *2 (E.D. Pa. Apr. 1, 2020) ("[T]he COVID-19 pandemic—in combination with Mr. Rodriguez's underlying health conditions, proximity to his release date, and rehabilitation—constitute "extraordinary and compelling reasons" that warrant a reduction."). Recognizing this unprecedented crisis, U.S. Attorney General William Barr

7

has ordered that the Bureau of Prisons reevaluate certain requests[5] in this regard. *See* Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic, Memo. Att'y Gen. (March 26, 2020); Increasing Use of Home Confinement at Institutions Most Affected by COVID-19, Memo. Att'y Gen. (April 3, 2020); *see also* Katie Benner, *Barr Expands Early Release of Inmates at Prisons Seeing More Coronavirus Cases*, N.Y. TIMES (April 3, 2020), https://www.nytimes.com/2020/04/03/us/politics/barr-coronavirus-prisons-release.html ("Mr. Barr asked the bureau to identify and release all inmates who were eligible for home confinement, no longer posed a threat to the public and were particularly vulnerable to the coronavirus."). Although not a member of the inmate constituency described in these memoranda, Mr. Hope is a 53-year-old African American male suffering from serious medical issues who has spent three decades of incarceration accumulating work and educational credits and accolades for his rehabilitative efforts. And while his medical condition has not previously been recognized as severe enough to warrant compassionate release, the current pandemic must be seen to alter that calculus.

Thus, like the individuals in the cases described above, Mr. Hope has demonstrated extraordinary and compelling circumstances that warrant a sentence reduction. First, Mr. Hope has a serious medical issue requiring surgery. Moreover, Mr. Hope's original, mandatory life sentence represents the type of sentencing disparity that the First Step Act was enacted to redress—as demonstrated by the fact that if sentenced today his *maximum* statutory sentence would be 35 years, his *maximum* guidelines

---

[5] The Court does not suggest that Mr. Hope is a person contemplated by these memoranda.

8

sentence would be 32 years,[6] and he has already served nearly 30 years in prison. *See Decator*, 2020 WL 1676219, at *3 (holding that a sentence reduction to time served was appropriate because, "if sentenced today for the same conduct, [Decator] would likely receive a dramatically lower sentence than the one he is currently serving"); *see also Urkevich*, 2019 WL 6037391 at *4 (finding that a reduction of defendant's sentence was warranted because of "the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed"). And Mr. Hope has demonstrated an impressive record of rehabilitation and good behavior throughout his nearly 30 years of incarceration: "Inmate Hope has . . . displayed excellent work ethics . . . provides a positive influence on his fellow inmates" (DE 464-1 at 11); "Mr. Hope has definitely demonstrated in exceptional ways that he is dedicated to making significant changes in his life . . . I view him as a model inmate." (*Id.* at 12); [H]e has chosen to take responsibility for himself and has consistently sought ways to improve his life . . . In my opinion, he is an outstanding role model to other inmates . . . I commend Mr. Hope to you without reservation." (*Id.* at 13). For these reasons, along with the reasons discussed by the Court at the hearing on February 26, 2020, the Court finds that Mr. Hope is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having found that Mr. Hope's sentence should be reduced, the Court must next consider the factors set forth in Section 3553(a) to the extent they are applicable to determine what sentence would be appropriate. Based on the Section 3553(a) factors, the Court has considered the entire record pertaining to 1) Mr. Hope's sentence relative

---

[6] This guideline range does not take into account the years of gain time Mr. Hope has accrued, which accounting supports Mr. Hope's contention that he would have already completed his sentence if it had been calculated under the current scheme. (DE 477 at 7).

9

to the nature and seriousness of his offense; 2) his personal history and characteristics; 3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 4) the need to promote adequate deterrence; 5) the need to protect the public from further crimes of the defendant; 6) the need to provide rehabilitative services; 7) the applicable guideline sentence, and 8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. These considerations, in this context and in every sentencing, must be assessed against the overarching principle that a sentence is to be sufficient, but not greater than necessary, to achieve these purposes.

As the preceding discussion demonstrates, a reduced sentence in this case would fulfill the mandate of Section 3553. There is no question that Mr. Hope's offenses were serious. But Mr. Hope has already served almost thirty years—more than half his life—as punishment, which "by any measure represents a very substantial punishment that reflects the seriousness of his offenses and the need for general or specific deterrence." *Redd*, 2020 WL 1248493, at *8. And as his counsel points out in his renewed motion, according to a 2017 Sentencing Commission report, the average federal sentence for murder was 224 months. (DE 477 at 11).[7] Finally, while the Government has characterized Mr. Hope's "abusive and litigious practice of filing numerous frivolous motions and/or petitions attacking his convictions," (DE 464 at 2), as a mark against his character, his prison record indicates that he has spent his three decades of incarceration

---

[7] "According to statistics released by the United States Sentencing Commission for fiscal year 2018, the national average sentence for murder was 291 months . . . ." *Decator*, 2020 WL 1676219, at *5 n.9 (citing *Redd*, 2020 WL 1248493, at *9 n.20 (citing United States Sentencing Commission, *Statistical Information Packet, Fiscal Year 2018, Fourth Circuit,* available at https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/federalsentencing-statistics/state-district-circuit/2018/4c18.pdf)).

engaged in positive educational and vocational programs, as well as outreach efforts with other prisoners.

### III. CONCLUSION

Accordingly, for the reasons discussed above, Mr. Hope's motion for early release (DE 477) is **GRANTED** and the Court finds that Mr. Hope's sentence is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Hope must comply with all quarantine protocols at his institution prior to his release. Additionally, for the fourteen days immediately following his release, Mr. Hope shall remain at home except for medical or other emergencies and he will be required to comply with all directives of federal, state, and local governments related to public health issues, including COVID-19. A separate order follows.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 10th day of April, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE