# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cr-80152-MIDDLEBROOKS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WILLIAM H. MINOR, JR.,

      Defendant.

_____/

## <u>ORDER GRANTING COMPASSIONATE RELEASE</u>

THIS CAUSE is before the Court upon a Motion for Compassionate Release filed by Defendant William H. Minor, Jr. on April 10, 2020. (DE 30). Plaintiff, the United States of America, responded on April 16, 2020. (DE 33). Defendant replied on April 17, 2020. (DE 34). For the following reasons, Defendant's Motion is granted.

### I.    BACKGROUND

On September 20, 2018, Defendant pled guilty to mail fraud in violation of 18 U.S.C. § 1341 and was subsequently sentenced to 41 months in prison, followed by 3 years of supervised release. (DE 11; DE 23). Defendant is set to be released on January 22, 2022. (DE 30 at 2).

Defendant is 71 years old. (DE 30 at 2). He currently suffers from type 2 diabetes mellitis, cardiovascular disease, aortic aneurysm, atrial fibrillation, cerebrovascular disease, hypertension, heart disease, hyperlipidemia, and sleep apnea, and has previously experienced multiple strokes and prostate cancer. (DE 30 at 3; DE 19 ¶¶ 55-56). Due to these medical issues, which limit his physical mobility, Defendant must rely on the assistance of other inmates in order to care for himself. (DE 30 at 3). In the present Motion, Defendant seeks compassionate release so as to lessen

Case 9:18-cr-80152-DMM Document 35-4 Entered on FLSD Docket 04/17/2020 Page 2 of 6

his chances of contracting the COVID-19 virus, which has serious and potentially lethal consequences for individuals of his age and medical background.[1]

## II.    LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides, in pertinent part, that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Before granting compassionate release, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

## III.    DISCUSSION

### A. Exhaustion of Administrative Remedies

The Government argues that compassionate release is not appropriate as Defendant has not exhausted administrative remedies. Defendant concedes that he has not exhausted administrative remedies, but argues that this failure should be excused.

---

[1] *See* CDC, *Coronavirus Disease 2019 (COVID-19), People who are at higher risk for severe illness*, March 26, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where "the interests of the individual weigh heavily against requiring administrative exhaustion." *See McCarthy v. Madigan*, 503 U.S. 140, 146 (1992); *see also Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute."). One such exception exists where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative action." *McCarthy*, 503 U.S. at 146–47 (1992).

The COVID-19 is a highly contagious virus that can be spread even by asymptomatic carriers.[2] The virus is "spread mainly from person-to-person . . . [b]etween people who are in close contact with one another . . . [t]hrough respiratory droplets produced when an infected person coughs or sneezes."[3] "Courts around the country have recognized that the risk of COVID-19 to people held in jails and prisons 'is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected.'" *See United States v. Williams,* 2020 WL 1751545, at *2 (N.D. Fla. Apr. 1, 2020) (quoting *Basank v. Decker*, --- F. Supp. 3d ---, 2020 WL 1481503, at *3 (S.D.N.Y. March 26, 2020), and citing *United States v. Harris*, --- F. Supp. 3d ---, 2020 WL 1503444, at ¶ 7 (D.D.C. Mar. 27, 2020)); *United States v. Campagna*, 2020 WL 1489829, at *2 (S.D.N.Y. Mar. 27, 2020); *Castillo v. Barr*, 2020 WL 1502864, at *2 (C.D. Cal. Mar. 27, 2020); *United States v. Kennedy*, 2020 WL 1493481, at *2-3

---

[2] Marco Cascella *et al.*, Features, Evaluation and Treatment Coronavirus (COVID-19), National Center for Biotechnology Information ("NCBI"), March 20, 2020, https://www.ncbi.nlm.nih.gov/books/NBK554776/#_ncbi_dlg_citbx_NBK554776.

[3] *See CDC, Coronavirus Disease 2019 (COVID-19), How It Spreads*, March 4, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

(E.D. Mich. Mar. 27, 2020); *United States v. Garlock*, 2020 WL 1439980, at \*1 (N.D. Cal. Mar. 25, 2020)).

I find that given this unprecedented virus, it would unduly prejudice the Defendant to require him to exhaust administrative remedies. Each day that Defendant spends in confinement, he is at a heightened risk of contracting the COVID-19 virus. Delaying a ruling on Defendant's motion until such time as the Bureau of Prisons can consider his circumstances and take action would be unreasonable and would expose Defendant to unneccesary risk. Accordingly, I find that it is appropriate to allow Defendant to proceed despite his failure to exhaust administrative remedies.

### B. Compassionate Release Based on Defendant's Medical Conditions

As I am not procedurally foreclosed from granting compassionate release, I must now consider whether Defendant has displayed an extraordinary and compelling reason sufficient to justify release. Application Note 1 of Section 1B1.13 of the Sentencing Guidelines describes "extraordinary and compelling reasons" for release as including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes an "extraordinary and compelling reason" justifying compassionate release. U.S.S.G. 1B1.13.

I find that Defendant has demonstrated extraordinary and compelling reasons justifying his immediate release under Section 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Defendant's serious and substantial preexisting medical issues, combined with his age, place him at increased risk of severe

4

illness if he contracts COVID-19. *See United States v. Rodriguez*, No. 2:03-cr-271, Doc. # 135 at 2 (E.D.P.A. Apr. 1, 2020) (granting compassionate release because for a diabetic inmate, "nothing could be more extraordinary and compelling than this pandemic"). Particularly as Defendant's conditions require him to rely on other inmates for help in conducting tasks of daily living, he is unable to practice effective social distancing in order to minimize his risk of exposure. As the COVID-19 pandemic continues to pose a substantial threat to individuals across this country, with thousands of Americans dying each week,[4] I find that Plaintiff will be able to substantially reduce his risk of contracting this virus by sheltering in his home.

I also find that based on the nature of Defendant's crime, he is not a danger to the safety of any other person or to the community, and thus the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

## IV. CONCLUSION

Based upon the foregoing, and after careful consideration of the Parties' written submissions, the record, and applicable law, I find that it is appropriate to grant Defendant's request for compassionate release. Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

1. Defendant William H. Minor, Jr.'s Motion for Compassionate Release (DE 30) is **GRANTED**.

2. Defendant's sentence of imprisonment is hereby reduced to time served, effective immediately. Upon release from imprisonment, Defendant shall comply with all

---

[4] *See CDC, Coronavirus Disease 2019 (COVID-19), Provisional Death Counts for Coronavirus Disease*, April 17, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

standard conditions of supervised release with the following additional special

condition:

Home Detention with Electronic Monitoring - The defendant shall participate in the
Home Detention Electronic Monitoring Program for a period of **TWENTY-TWO
(22) MONTHS**. During this time, the defendant shall remain at his place of residence
except for employment, religious observances, medical appointments and other
activities approved in advance and provide the U.S. Probation Officer with requested
documentation. The defendant shall maintain a telephone at his place of residence
without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call
block' services for the above period. The defendant shall wear an electronic
monitoring device and follow the electronic monitoring procedures as instructed by
the U.S. Probation Officer. The defendant shall pay for the electronic monitoring
equipment at the prevailing rate or in accordance with ability to pay.

All previous conditions imposed in the judgment and commitment order remain in

full force and effect. (DE 23).

3. Defendant must contact the United States Probation Office within 72 hours of his

release.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17th day of April, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE