# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18- 20175-CR-COOKE

UNITED STATES OF AMERICA,

vs.

NIEVES SUAREZ,

    Defendant.

_____/

### ORDER GRANTING MOTION TO MODIFY PRISON SENTENCE

THIS MATTER is before me on Defendant's Motion to Modify a Prison Sentence Pursuant to 18 U.S.C. § 3582 (c) Based on Extraordinary Circumstances (ECF No. 175). For the reasons discussed below, the motion is **GRANTED**.

The Defendant is serving two concurrent sentences of 41 months followed by three years supervised release, also to run concurrently. Due to an extensive history of medical issues including diabetes, chronic asthma, respiratory and coronary issues, and prior cancer, the Defendant was designated to the Federal Medical Center (FMC) at Carswell, Texas.

On March 27, 2020, Defendant's counsel contacted the facility and requested the Defendant serve the remainder of her sentence on home confinement. (ECF No. 175.2.) On March 31, 2020 the facility responded, saying that it "will be working to ensure [it] utilize[s] home confinement…to protect the health and safety of BOP staff and inmates in [its] custody." (ECF No. 175.3).

Having reviewed Defendant's Motion and medical history, I find that there are "extraordinary and compelling reasons" warranting a compassionate release in this case.[1] Defendant's health places her at a heightened risk of contracting COVID-

---

[1] I am mindful that the United States in other similar cases has maintained that the Bureau of Prisons, pursuant to 18 U.S.C. § 3582 (c), must first address such requests before a defendant may request relief from the Court. I do not find that argument persuasive. "Instead, the exhaustion requirement in § 3582(c)(1)(A) merely controls who -- the BOP or defendant -- may move for compassionate

19, and the Attorney General has recognized the risk of infection and prioritized the release of vulnerable inmates to home confinement. (*See* ECF No. 175.1). However, it is clear that the breadth of this problem is immense and overwhelming for the Bureau of Prisons, which affects the Bureau's ability to respond to these requests for release to home confinement in a timely manner.[2] A delayed response for this Defendant, given her health, medical history, and present prison conditions, increases her likelihood of contracting the virus. Defendant's health history also increases the likelihood of serious illness resulting from contracting the virus.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion is **GRANTED**, and Defendant will serve the remainder of her sentence on home confinement.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 20th day of April 2020.

_____
MARCIA G. COOKE
United States District Judge

---

release and when such a motion may be made." *United States v. Haney*, No.19-00541 at 6 (S.D.N.Y April 13, 2020).

[2] The Bureau's email response to defense counsel's letter highlights these challenges. (*See* ECF No. 175.3). The email, which appears to be a generic response, simply states that: "FCI Anywhere is implementing the Bureau of Prisons' guidance on mitigating the spread of COVID-19." (ECF No. 175.3)