UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20710-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SENTHIL RAMAMURTHY,

    Defendant.
_____/

## REPLY IN SUPPORT OF EMERGENCY MOTION FOR JUDICIAL RECOMMENDATION OF TEMPORARY FURLOUGH

Mr Ramamurthy offers the following reply to the government's measured and considered response to his emergency motion, ECF No. 423. As the government acknowledges, Mr. Ramamurthy suffers from the sorts of medical conditions that make him especially vulnerable to the risk of serious complications or death if he contracts COVID-19. There appears to be no dispute that COVID-19 has spread, and continues to spread, throughout Federal Transfer Center Oklahoma City (FTC Oklahoma City"), where Mr. Ramamurthy awaits transfer to his designated facility. In this regard, the Bureau of Prisons ("BOP") reports that more than fifty inmates at FTC Oklahoma are currently infected with COVID-19 as of the time of this writing.[1] That number is expected to grow. Then, mere days after Mr. Ramamurthy filed his emergency motion, BOP announced it would be transferring thousands of recently sentenced and newly admitted inmates from local detention facilities to FTC Oklahoma City for processing

---

[1] https://www.bop.gov/coronavirus/.

and movement, increasing the delay for Mr. Ramamurthy to be transferred out of FTC Oklahoma City.[2]

The BOP considers the COVID-19 pandemic to be so serious that it has instituted a system-wide lockdown. For most inmates, Mr. Ramamurthy included, BOP's pandemic-driven lockdown means limited or no access to visitors, including defense and prosecuting attorneys. It means federal prisoners' already close quarters are now even closer. This is a special problem in FTC Oklahoma City where, unlike in normal federal correctional institutions, the prison population is very transient and, in very large numbers, arriving from local communities as well as from other federal prisons and local jails. The state of the COVID-19 epidemic in these widespread locations is unknown and it is not clear what, if anything, BOP can do to mitigate the danger to people in Mr. Ramamurthy's situation.

Said differently, Mr. Ramamurthy, with his special medical vulnerability, is now indefinitely housed in close quarters in a facility where COVID-19 is rampant with no ability to protect himself through self-isolation. And BOP makes little pretense about its ability to protect him. In the nineteen days since May 22, 2020, when Mr. Ramamurthy filed his emergency motion, BOP has issued press releases that eighteen additional inmates are dead from COVID-19 complications.[3] Almost all had pre-existing medical

---

[2] *See* Exhibit 13 (*Bureau of Prisons Announces Update on Inmate Movement*, Bureau of Prisons Press Release dated May 25, 2020). This will likely delay Mr. Ramamurthy's movement to his designated facility Federal Correctional Institute, Bastrop ("FCI Bastrop"); BOP reports that inmates who are currently housed in BOP facilities pending regular movement to their designated facilities will not be transferred until "a later date." *Id.*

[3] *See* Exhibit 14 (BOP press releases dated May 25, 2020 through June 6, 2020)

conditions like Mr. Ramamurthy's, and one inmate was only 37-years-old at the time of his death.[4]

## ARGUMENT

As a preliminary matter, BOP regulations expressly allow for the requested relief—emergency furloughs for urgent situations and transfer furloughs when transferring an inmate from one Bureau facility to another, to a non-federal facility, to community confinement or to home confinement. 28 C.F.R. § 570.32(a)-(b)(1). This is the recommendation Mr. Ramamurthy seeks from this Court because both situations apply to him.

First, transfer furlough under 28 C.F.R. § 570.32(a) is appropriate because Mr. Ramamurthy is at FTC Oklahoma City for purposes of transfer from the Federal Detention Center Miami to his designated facility, FCI Bastrop. But at FTC Oklahoma City he faces an immediate medical crisis due to the spread of COVID-19, and therefore, would be better protected by awaiting transfer to FCI Bastrop under home confinement. Second, the unprecedented and increasingly dire COVID-19 pandemic and its unique impact on Mr. Ramamurthy as a diabetic with hypertension and asthma is the type of "urgent situation" justifying emergency furlough pursuant to 28 C.F.R. § 570.32(b)(1).

Courts across the country have stepped in to address BOP's inability protect those in its charge from the spread of COVID-19.[5] Many courts and indeed many prosecutors appear alarmed about the situation and have ruled or recommended consistently with that sense of alarm. The government has informed Mr. Ramamurthy that BOP has already denied Mr. Ramamurthy's request for furlough and that it is assessing him for

---

[4] *Id.*
[5] *Id.*

compassionate release. But Mr. Ramamurthy asks this Court to act to the limits of the Court's power to make the requested recommendation—following which Mr. Ramamurthy will ask BOP to reconsider that denial considering a very important recommendation from a co-equal branch of government for a temporary furlough until he can be transferred to his final destination. This is not a moot request and is one that undersigned counsel believe is urgent.

This would not be an unprecedented recommendation. Several courts across the country have already recommended that BOP furlough defendants similarly situated to Mr. Ramamurthy due to the severe risk of COVID-19. *See e.g., United States v. Moseley*, No. 16 Crim. 79 (ER), 2020 WL 1911217, at *2 (S.D.N.Y. April 20, 2020) ("nothing 'prevents this Court from recommending' that such temporary release would be appropriate."); *United States v. Stahl*, No. 18-cr-694 (RA), 2020 WL 1819986, at *2 (S.D.N.Y. Apr. 10, 2020) ("[T]he Court respectfully but strenuously urges the BOP to consider temporarily releasing him pursuant to Section 3622(a) until the threat of COVID-19 has passed."); *United States v. Daugerdas*, No. 09cr581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (recommending that defendant who suffered from Type II diabetes, obesity, hypertension, and high cholesterol, receive a medical furlough based on his health conditions, which placed him at heightened risk for COVID-related complications); *United States v. Roberts*, No. 18 Crim. 528–5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 6, 2020). *See also United States v. Underwood*, No. TDC-18-0201-1, 2020 WL 1529160 (D. Md. Mar. 31, 2020) (denying motion for release under the All Writs Act, but noting the court's belief "that a furlough may well be warranted, and

4

would have no objection to the inclusion of this Order in any application for a furlough to be submitted by Underwood to the Bureau of Prisons…").

And in at least one case where BOP failed to act on this type of judicial recommendation, the United States District Court for the Southern District of Florida nonetheless acted within its authority to protect a particularly vulnerable inmate. *United States v. Chopra*, No. 18-cr-20668-Middlebrooks, ECF No. 606 (S.D. Fla. June 8, 2020) [attached as Exhibit 15]. In *Chopra*, the defendant requested compassionate release. The Court issued a recommendation that the BOP furlough the defendant. BOP denied the defendant's request, in part because the defendant had served only the first four months of his forty-eight-month sentence. Following BOP's denial, the defendant amended his motion to the Court, which the government opposed. Because the defendant suffered from medical conditions placing him at higher risk of COVID-19 complications, and the non-violent nature of his offense, the Court granted compassionate release and imposed a term of supervised release under home confinement for the full 44 months remaining on his sentence.

Other courts across the country have exercised similar authority to protect those inmates who are most vulnerable to COVID-19, which can include granting release and imposing an additional period of home confinement equal to that remaining on the inmate's period of incarceration. *See e.g., United States v. Delgado*, No. 3:18-cr-00017-VAB, ECF No. 76 (D. Conn. Apr. 30, 2020) (granting compassionate release, even though the court would have preferred furlough, because BOP failed to act) [Exh. 11 to ECF No. 418]; *United States v. Park*, No. 16-cr-473 (RA), 2020 WL 1970603 (S.D.N.Y. Apr. 24, 2020) (granting release even though court would have preferred furlough,

5

because BOP failed to act). *See also Roberts*, 2020 WL 1700032, at *3 (recommending that BOP consider a temporary release pursuant to the furlough statute and denying the defendant's motion for compassionate release without prejudice so that she may renew her request if BOP does not act within thirty days of its receipt).

The government rightly points out the seriousness of Mr. Ramamurthy's initial crime as well as his violating the terms of his pretrial release. But this should not be the only consideration as the Court considers his request for this recommendation. First, legally, Mr. Ramamurthy's violation of his pretrial release terms does not *per se* prevent the Court from recommending the requested temporary furlough. *See United States v. Schneider*, No. 14-cr-30036, 2020 WL 2556354, at *1, 6 (C.D. Ill. May 20, 2020) (granting compassionate release for inmate notwithstanding having had her supervised release revoked on two prior occasions and noting the defendant's "history of disregarding the rules imposed by the Court"). Many defendants with far longer criminal histories than Mr. Ramamurthy have been granted similar relief.

Substantively, though, while Mr. Ramamurthy certainly does not by this reply seek in any way to minimize his conduct, it nevertheless must be acknowledged that Mr. Ramamurthy stands convicted of a non-violent crime and his pretrial release violation was similarly non-violent. Notwithstanding this pretrial release violation, this Court sentenced Mr. Ramamurthy to the low end of the guideline range. Mr. Ramamurthy, moreover, has accepted responsibility, been sentenced and has cooperated—all after the pretrial release violation. Of his codefendants, Mr. Ramamurthy is, because of that violation, the only one of his codefendants who is serving time, and if BOP is following Department of Justice guidelines, BOP is presumably evaluating Mr. Ramamurthy's

codefendants for home confinement. Because of his own lapse in judgment, in other words, it is not altogether outside the realm of possibility in these circumstances that Mr. Ramamurthy may end up being the only one of his codefendants to serve prison time— and he will serve it in one of the worst of all possible places given his pre-existing conditions unless BOP grants his furlough request.

As a final point on this issue, Mr. Ramamurthy has extremely powerful incentives to comply with the terms of any furlough. He has tasted the consequences of his pretrial release violation, first in the Miami detention center then in FTC Oklahoma City. If Mr. Ramamurthy violates the terms of any furlough, there is no doubt he could immediately be snatched back into prison, probably with little hope of any future potential compassionate release or other benefits for which he could otherwise be entitled to apply. And even leaving those consequences aside, the nature of the undisputed medical conditions renders violation of any home confinement risky indeed. As noted, he will be living with physician parents in a home where he can serve his furlough until final designation to FCI Bastrop. All he is currently requesting is that the Court make this recommendation so he can ask for BOP's reconsideration of his furlough request. Therefore, irrespective of BOP's ruling, Mr. Ramamurthy's request is not moot.

## CONCLUSION

For the foregoing reasons, counsel respectfully requests that the Court issue an order recommending that Mr. Ramamurthy be granted a temporary furlough under home confinement pending his transfer to FCI Bastrop, or in the alternative, schedules a hearing on this matter.

Dated:  June 10, 2020                               Respectfully submitted,

<div style="margin-left: 50%;">

<u>Jack E. Fernandez</u>
Jack E. Fernandez
Fla. Bar No. 843751
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Tel:  (813) 221-1010
Fax:  (813) 223-7961
jfernandez@zuckerman.com


<u>Gregg L. Bernstein</u>
Gregg L. Bernstein (admitted *pro hac vice*)
Alicia L. Shelton (admitted *pro hac vice*)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
Tel:  (410) 332-0444
Fax:  (410) 659-0436
gbernstein@zuckerman.com
ashelton@zuckerman.com

*Attorneys for Defendant
Senthil Ramamurthy*

</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 10th day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The Clerk of Court will serve a notice of electronic filing on all counsel of record. The foregoing document will be served electronically on:

>J.D. Crook, Esq.
>Legal Department, Federal Bureau of Prisons
>jdcrook@bop.gov
>
>Warden Young
>FTC Oklahoma City
>7410 S. MacArthur Blvd.
>Oklahoma City, OK  73169
>OKL/ExecAssistant@bop.gov
>
>AUSA Ana Maria Martinez
>AUSA Kevin Larsen
>United States Attorney's Office
>Southern District of Florida
>99 N.E. 4th Street, Suite 416
>Miami, FL 33132
>Ana.Maria.Martinez@usdoj.gov
>Kevin.Larsen2@usdoj.gov

>  Jack E. Fernandez
>  Jack E. Fernandez